## CHIARELLO v. SAVOY TRUST CO.

(Supreme Court, Appellate Division, Second Department. November 23, 1910.)

BANKS AND BANKING (§ 169*)—COLLECTIONS—LIABILITY OF COLLECTING BANK.
　　Plaintiff employed C., a banker, to obtain money plaintiff had on deposit in a bank in Italy, delivering to C., the bank book representing the deposit. C. delivered the book with a forged power of attorney authorizing him to draw the money, falsely executed by a person who pretended to be plaintiff, to defendant trust company, which advanced all the money on the book, and forwarded it with the power of attorney countersigned by the Italian consul in New York to the Italian bank for payment. In the meantime C. converted the money and absconded, and plaintiff stopped payment and sued to recover the book or its value. *Held*, that C. having pursued the usual method in obtaining the money on the book, though the means were illegal, the trust company, having acted in accordance with its usual custom, was not liable.

　　[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Antonio Chiarello against the Savoy Trust Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, BURR, THOMAS, RICH, and CARR, JJ.

Edwin M. Otterbourg (Charles A. Houston, on the brief), for appellant.

Alfred J. Heine, for respondent.

THOMAS, J.  Plaintiff went to one Cagliano, a banker in New York, to obtain from or through him money on deposit in a bank in Italy. The interview resulted in an agreement that Cagliano should withdraw all the deposit, which, as he represented, would require some 45 days to effect. Cagliano delivered the bank book received from the plaintiff to the defendant, together with a power of attorney to draw the money, falsely executed by a person who, pretending to be Chiarello, was presented to the defendant's officer, before whom he acknowledged the instrument. The defendant advanced all the money on the book, and forwarded it, with the power of attorney, countersigned by the Italian consul in New York, to a representative in Italy, for presentation to, and payment by, the Italian bank. Meantime Cagliano converted the money and absconded, and plaintiff stopped payment, and brings this action to recover the book or its value.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Cagliano pursued the usual method in obtaining the money. Had he presented the book to the Italian bank in Rome, and received the money on surrender of the book, he would have acted within his authority, and payment to him would have been authorized. While it is inferable that the Italian bank required not only the surrender of the book, but also a power of attorney in the form used, it could have waived the presentation of the power of attorney, for payment to Cagliano was precisely what the plaintiff authorized, and the former could not have been heard to say that such payment was unjustified, whatever usual forms of procedure were disregarded. The plaintiff urges that the bank would have, or might have, given Cagliano a check or draft, payable to the plaintiff, had the book been sent forward for collection. But the authority vested in Cagliano to draw the money empowered him to receive, and the bank to pay him the money. The peril of it was in the plaintiff. Instead of presenting the book in person, Cagliano was authorized to do so for the purpose of collecting the money through a representative, for instance, through the defendant; and it is immaterial what procedure would be employed to obtain it. The authorization was to get the money, and upon the defendant receiving it, payment by it to Cagliano, plaintiff's agent, would have been within its duty, and the receipt of it within the agent's right. This in effect was done. Instead of deferring payment to Cagliano to the time of receiving the money from abroad, the defendant anticipated such payment by advancing the money, or, as it is called, by cashing the book. In this it acted within the custom, doing in this case what it had often done on similar occasions upon like applications by Cagliano. It cannot affect the legality of payment to the latter that the defendant made payment and took the risk of collecting the mount due from the Italian bank. The thing to be done was the payment of the money to Cagliano either before or after collection, and, if it preferred to accelerate such payment, the result was the same.

If the plaintiff enabling Cagliano to receive the money would have had no legal grievance against the Italian bank paying directly to Cagliano, or against the defendant collecting and paying to him, there is no legal principle that can be invoked condemning the defendant for paying and taking the burden of reimbursing itself. The plaintiff had prescribed no procedure for collection. He wished the money in all possible haste, and he may not complain because his agent pursued the usual course, although he used the forged power of attorney to accomplish the end. The end was authorized. The means were unlawful, and, as regards the plaintiff, immaterial. Of this the plaintiff may not complain, inasmuch as payment to Cagliano, however procured, would have been justified as regards the plaintiff. Cagliano acted criminally in cheating the defendant and converting the money, but he got the money, and that was what the plaintiff employed him to do.

The judgment of the Municipal Court should be reversed and a new trial ordered, costs to abide the event. All concur.