GIULIO SANTA BARBARA and Another, Appellants, *v.* PASQUALE AVALLONE & STEFANO MIELE, INC., and Others, Defendants, Impleaded with EDWARD CALABRESE, as Surviving Administrator, etc., of PASQUALE AVALLONE, Deceased, and Others, Respondents.

Second Department, February 8, 1935.

*Henry Pearlman*, for the appellants.

*John H. Mariano*, for the respondent Edward Calabrese, as surviving administrator, etc., of Pasquale Avallone, deceased.

*I. T. Flatto*, for the respondent Stefano Miele.

*Carl A. Mead* [*John A. Wilson* with him on the brief], for the respondents The Bank of America National Association and The National City Bank of New York.

PER CURIAM. The plaintiffs, being separately the owners of certain securities consisting of bonds or certificates of deposit of a bank in Italy, on August 3, 1934, delivered the securities to a banking corporation known as Pasquale Avallone & Stefano Miele, Inc., which was engaged in the business of accepting commitments from customers to transfer funds between this country and Italy and other European countries. The instructions given to the corporation by the plaintiffs were that these securities should be collected and the proceeds deposited to their credit in the Postal Savings Bank at Rome, Italy. These negotiations were had with Pasquale Avallone, the president of the corporation.

This corporation, apparently having no banking connections with foreign countries, delivered the securities to another banking corporation, known at the time as the Italian Discount and Trust Company of New York. There is no evidence as to the nature of the instructions that were given to the Italian Discount and Trust Company of New York, or that any were given other than those that may be implied in the common practice between banks in such transactions; and it does not appear that the latter bank had any knowledge of the plaintiffs except that which might be noted from the registered bonds or certificates. Evidently these were indorsed or assigned in some form that permitted negotiation. This bank received no instructions from the plaintiffs. So far as the record shows, it was the ordinary transmission of securities and collection of the proceeds thereof carried on by one bank for its correspondent bank, acting under instructions given by the latter. The Italian Discount and Trust Company of New York, by successive acts of merger and assignment of assets subsequent to the transaction just stated, became identified with The Bank of America National Association and The National City Bank of New York, whereby the latter two corporations assumed the obligations of the merged corporation.

The proceeds of the collection of the securities in Italy amounted to 44,266 lire. Of this amount only a bank book issued by the Postal Savings Bank at Rome, containing a deposit of 400 lire, was returned to the plaintiffs. How that deposit originated is not shown. Instead of depositing the proceeds of the securities in the Postal Savings Bank at Rome, as plaintiffs had directed, the funds were remitted to this country in the form of lire and credited by the Italian Discount and Trust Company of New York with other similar remittances on a so-called " Special Lire Account " to Pasquale Avallone & Stefano Miele, Inc. The funds in this " Special Lire Account " were subject to be transferred to a " Dollar Account " in the same bank by direction of the Avallone corporation. Such transfer was made at the the direction of the latter corporation — the amount of the Santa Barbara fund being $1,908.17. The " Dollar Account " was an ordinary checking account from which the Avallone corporation paid its customers or made other disbursements by checks which were required to be signed by Avallone, as president, and Miele, as treasurer. These two were the principal officers, directors and stockholders in control of the corporation.

After a reasonable interval following the delivery of the securities, the plaintiffs began making inquiries concerning the collection of these funds, first of Pasquale Avallone, the president, and after

his death in February, 1928, of Stefano Miele; but with no satisfactory result. As already stated, the balance, consisting of $1,908.17 (43,866 lire), was never paid over to the plaintiffs. This action against the Avallone corporation, the individual officers, and the successors of the Italian Discount and Trust Company of New York, has resulted in a judgment for plaintiffs against the Avallone corporation (now probably insolvent); and the complaint was dismissed as to the other defendants.

The appeal by plaintiffs is on a bill of exceptions. The findings of fact are accepted as true by appellants and only questions of law are presented. We are of opinion that the complaint was properly dismissed as to the defendant banking corporations, for there was no privity of contract between their predecessor and the plaintiffs, and no facts shown concerning the instructions given to it or any knowledge on its part of the relation between the plaintiffs and their agent for collection, the correspondent bank. (*Chiarello* v. *Savoy Trust Co.*, 141 App. Div. 141; *Craig Medicine Co.* v. *Merchants' Bank*, 59 Hun, 561, 562.) When the Italian Discount and Trust Company of New York turned over the funds to the Avallone corporation, its duty was discharged, so far as is disclosed by this record.

It has been found as a fact that the Avallone corporation diverted, converted and misappropriated the funds collected from the securities delivered to it; that it suppressed and concealed from plaintiffs that it had collected and received the proceeds of the securities intrusted to it with definite instructions as to their deposit in the Postal Savings Bank at Rome; and that such acts constituted a fraud upon the plaintiffs. Of course the corporation could not act without the interposition of the officers who had control of it and who had knowledge of the delivery of the securities, the collection of the assets and the misappropriation and conversion of the funds for the benefit of their corporation and for themselves, with the resulting fraud on the plaintiffs. The officers, Avallone and Miele, had knowledge of these facts and became personally liable for the fraudulent acts and misrepresentations on their part, and the misappropriation of funds committed by them and with their knowledge. (*Hinkle Iron Co.* v. *Kohn*, 229 N. Y. 179; *Brightson* v. *Claflin*, 225 id. 469; *McCrea* v. *McClenahan*, 131 App. Div. 247.) Therefore, we think it was error to dismiss the complaint as to the defendant Miele and the representatives of Avallone.

Plaintiffs' exceptions should be sustained as to defendants Edward Calabrese, as surviving administrator, etc., of Pasquale Avallone, deceased, and Stefano Miele; and the judgment in that respect reversed on the law, with costs to appellants against said defendants;

and judgment directed against these defendants in the sums found as principal and interest, with costs. Conclusions of law Nos. 6 to 9, inclusive, should be disapproved, and the plaintiffs' proposed conclusions of law Nos. 2, 3, 6 and 7 should be found.

Plaintiffs' exceptions should be overruled as to the defendants The Bank of America National Association and The National City Bank of New York; and the judgment in that respect affirmed, with one bill of costs against appellants.

LAZANSKY, P. J., HAGARTY, SCUDDER, TOMPKINS and DAVIS, JJ., concur.

█Plaintiffs' exceptions sustained as to defendant Edward Calabrese, as surviving administrator of the estate of Pasquale Avallone, deceased, and as to defendant Miele, and judgment in that respect reversed on the law, with costs to appellants against said defendants; and judgment directed against said defendants in the sums found as principal and interest, with costs. Conclusions of law Nos. 6 to 9, inclusive, are disapproved, and plaintiffs' proposed conclusions of law Nos. 2, 3, 6 and 7 are found. Plaintiffs' exceptions overruled as to defendants The Bank of America National Association and The National City Bank of New York, and the judgment in that respect unanimously affirmed, with one bill of costs against appellants.