GUILIO SANTA BARBARA et al., Respondents, *v.* PASQUALE
AVALLONE and STEFANO MIELE, INC., et al., Defend-
ants, and STEFANO MIELE, Appellant.

(Submitted December 9, 1935; decided January 21, 1936.)

*I. T. Flatto* for appellant. The complaint was properly dismissed upon the merits against the defendant-appellant. (*Madison County Trust & Deposit Co.* v. *Smith*, 259 N. Y. 348.)

*Henry Pearlman* and *Claudia Pearlman* for respondents. Defendant-appellant personally participated in the conversion and in the fraud practiced upon the plaintiffs. (*Kittredge* v. *Grannis*, 244 N. Y. 168; *Laverty* v. *Snethen*, 68 N. Y. 522; *Comley* v. *Dazian*, 114 N. Y. 161; *Levy* v. *Cleveland, ,C., C. & St. L. Ry. Co.*, 210 App. Div. 422; *Deutsche Bank* v. *Humphrey*, 272 U. S. 517.) An agent who participates in the conversion of property, or in the perpetration of a fraud upon a third person, is personally liable for the conversion or fraud, and it is no defense that

these acts were committed by the agent in the pursuance of his employment or for the benefit of his principal. (*Hinkle Iron Co.* v. *Kohn*, 229 N. Y. 179; *Brightson* v. *Claflin*, 225 N. Y. 469; *McCrea* v. *McClenahan*, 131 App. Div. 247; *Passaic Falls Throwing Co.* v. *Villeneuve-Pohl Corp.*, 169 App. Div. 727; *Spraights* v. *Hawley*, 39 N. Y. 441; *Fishkill Sav. Institution* v. *National Bank*, 80 N. Y. 162; *Clarkson Home* v. *Missouri, K. & T. Ry. Co.*, 182 N. Y. 47; *Susquehanna Line* v. *Auditore*, 223 App. Div. 585; *Suzuki* v. *Small*, 214 App. Div. 541; 243 N. Y. 590; *Richter* v. *Joelson*, 237 App. Div. 572; *Debobes* v. *Butterly*, 210 App. Div. 50; *Milliken* v. *Richelieu Co.*, 175 App. Div. 579; *Lynch* v. *Couger*, 181 App. Div. 221; 229 N. Y. 543; *Rodney Hunt Machine Co.* v. *Stewart*, 57 Hun, 545; *National Surety Co.* v. *Manhattan Mortgage Co.*, 185 App. Div. 733; *Laska* v. *Harris*, 215 N. Y. 554.) In order to establish a conversion or fraud it is not necessary to find that the agent or officer appropriated the property to his own use or that he profited by the fraud. (*Debobes* v. *Butterly*, 210 App. Div. 50; *Boyce* v. *Brockway*, 31 N. Y. 490; *Suzuki* v. *Small*, 214 App. Div. 541; 243 N. Y. 590; *Spraights* v. *Hawley*, 39 N. Y. 441; *Passaic Falls Throwing Co.* v. *Villeneuve-Pohl Corp.*, 169 App. Div. 727; *Laska* v. *Harris*, 215 N. Y. 554.)

FINCH, J. The question presented is whether the defendant-appellant Miele must account for three bonds and a savings bank book and the proceeds thereof which were delivered by the plaintiffs to the defendant Pasquale Avallone & Stefano Miele, Inc., to collect in Italy and to redeposit to the credit of the plaintiffs in a savings bank in Rome. The defendant-appellant was an officer of this corporation but had no actual knowledge of the transaction in question.

At Special Term judgment was given for the defendant-appellant and the appeal to the Appellate Division, which reversed, was taken by way of a bill of exceptions. Therefore, only a question of law is presented and the

facts as found and recited in the findings of fact of Special Term govern.

The essential facts are as follows: The defendant Pasquale Avallone & Stefano Miele, Inc., was engaged in the business of transmitting moneys from the United States to Italy and other European countries and from Italy and other European countries to the United States, as agent for persons desiring such transfers. On August 3, 1924, the plaintiffs delivered three bonds of an Italian company and the savings bank book of an Italian bank to Pasquale Avallone, at that time the president of the Avallone corporation, who accepted them on behalf of the corporation and agreed to collect the proceeds represented by these securities and deposit such proceeds in the Postal Savings Bank at Rome, Italy, to the credit of the plaintiffs. The defendant Avallone corporation delivered the securities to the defendant Italian Discount and Trust Company of New York, to collect the proceeds and perform such other services in connection therewith as it should be directed. Of the proceeds which totaled 44,266 lire, only 400 lire were deposited in the Postal Savings Bank in Rome and a pass book showing a credit for that amount was delivered to the plaintiff. The remainder of the proceeds was remitted to this country in the form of lire and credited by the Italian Discount and Trust Company of New York in a " Special Lire Account " to the Avallone corporation. The funds in this account were subject to transfer to a " Dollar Account " in the same bank by direction of the Avallone corporation. Shortly thereafter such transfer was made. The " Dollar Account " was an ordinary checking account, the checks requiring the signatures of both Avallone, as president, and Miele, as treasurer. Subsequently the proceeds of the plaintiffs' securities were withdrawn from the account by checks signed by Avallone and Miele on behalf of the corporation.

From 1924 till the institution of this action one of the plaintiffs made numerous inquiries concerning the transfer

of the proceeds of the securities but received no definite or satisfactory information. The inquiries were made of Avallone until his death in 1928 and subsequently of Miele.

Special Term granted a judgment against Pasquale Avallone & Stefano Miele, Inc., holding that the defendant had diverted, converted and misappropriated the proceeds of the securities and that the concealment of such fact from the plaintiffs constituted a fraud on them. The complaint was dismissed as to the others, including Miele and the administrators of Avallone. The Appellate Division reversed on the law as to Miele and the administrator of Avallone and directed judgment against them (243 App. Div. 357). Only defendant Miele has appealed to this court.

Do these facts show sufficient connection of the defendant-appellant Miele with this transaction to impose liability upon him for the diversion of the funds?

The facts as noted show that the plaintiffs requested the defendant Avallone corporation to collect these moneys and open an account in the name of the plaintiffs in the bank in Rome. Obviously, since the Avallone corporation had no foreign office it would be necessary for it to employ the services of a correspondent bank. As the result of a failure to give instructions, incorrect instructions or some other unknown reason, the correspondent bank failed to deposit the proceeds of the securities in the Postal Savings Bank in Rome but instead remitted them to this country and credited them to the account of the Avallone corporation. Although a deposit for collection creates a relationship of principal and agent or bailor and bailee, collection transforms the relationship into that of debtor and creditor, unless there is an agreement to the contrary. (6 Michie on Banks and Banking, p. 4, *et seq.*) In the case at bar, however, there were specific instructions to redeposit the proceeds of the securities and the relationship of principal and

agent or bailor and bailee remained unaltered. (*Matter of International Milling Co.* [*Broderick*], 259 N. Y. 77.)

While the securities remained in the lire account, they remained the property of the plaintiffs and were held by the Avallone corporation as their agent. When the Avallone corporation withdrew the moneys of the plaintiff from the lire account, thus changing the form of these moneys and commingling them with the moneys of the Avallone corporation, the latter appropriated these moneys to its own use. Of course, it could not by its own wrongful act divest the title of the plaintiffs to these moneys. Equity might still impress a trust upon the general fund in favor of the owners of these moneys, which, through the wrong of the Avallone corporation, had found their way into the general fund. So long, however, as there remained in this general fund sufficient moneys to meet the obligations of the trust, no breach of such trust was committed by the Avallone corporation. Even when the fund was depleted, the wrong done by the Avallone corporation would not constitute a common-law conversion but instead a breach of trust. If the defendant Miele had signed checks depleting this fund with knowledge that a trust might be impressed upon the fund, he might be said to have acted as agent of the Avallone corporation in committing such a breach, and he, as well as the Avallone corporation, could be held liable as a trustee *de son tort*. But Miele may be held liable as an active participant in this wrong of the corporation only if he participated as agent in the withdrawal of the money of the plaintiffs from the lire account, or had knowledge that the moneys of the plaintiffs in that account had been placed in the " Dollar Account." The findings do not show that Miele had knowledge that these moneys had gone into the " Dollar Account," nor is there any finding that Miele participated in the directions which transferred these moneys from the lire account to the " Dollar Account." The only findings are that the moneys in the lire account were " not subject to withdrawal

by check, but only by specific direction from defendant Pasquale Avallone and Stefano Miele, Inc., to said Italian Discount and Trust Company," and that, therefore, " the defendant Pasquale Avallone and Stefano Miele, Inc., directed the said Italian Discount and Trust Company to convert the said lire collected on the said securities * * * as aforesaid into dollars and transfer the same from the said special lire account * * * to the said ' dollar account ' * * *." So far, therefore, as the findings go, there is nothing to connect Miele with the transfer of the moneys of the plaintiffs from the lire account to the " Dollar Account," nor to show that Miele had any knowledge that these moneys in the " Dollar Account " were not in the general dollar account as a part of the regular assets of the corporation.

Any inference that because Miele occupied the office of treasurer he knew the sources of all moneys comprising the " Dollar Account " of the corporation would be an inference of fact and there is no finding to that effect. By the findings of fact we are limited, as was the Appellate Division, since the appeal comes here by way of a bill of exceptions which presents only questions of law and omits the evidence taken upon the trial.

The facts do not show that Miele had any dealings with the plaintiffs prior to the death of Avallone or that he was in any way connected with the transaction. It is true that Miele was one of the signers of the checks withdrawing the credit arising from the deposit of the moneys belonging to the plaintiffs in the dollar account but he had no knowledge that the moneys were other than assets of the Avallone corporation, and, therefore, available for the purposes of its business. There is no finding that he received and retained any of these moneys for which he can be called upon to account. Nor is there any finding that he appropriated any property to himself. No authority has been brought to our attention which would justify our holding this defendant-appellant guilty

of conversion. (Cf. *Greenway* v. *Fisher*, 1 Car. & P. 190; *Hollins* v. *Fowler*, [1875] L. R. 7 H. L. 757; 33 L. T. 73; *Casey* v. *Kastel*, 237 N. Y. 305, 313.)

It follows that the judgment of the Appellate Division should be reversed as to the defendant-appellant Miele and that of the Special Term affirmed as to him, with costs in this court and in the Appellate Division. (See 270 N. Y. ——.)

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS and LOUGH-RAN, JJ., concur; CROUCH, J., not sitting.

Judgment accordingly.