In re E.C. ERNST, INC., E.C. Ernst Midwest, Inc., E.C. Ernst International Corp., Debtors.

E.C. ERNST, INC., Plaintiff,

v.

GRUMMAN ECOSYSTEMS CORPORATION, Defendant.

Arrangement No. 79 B 2139–41.

United States Bankruptcy Court, S.D. New York.

Jan. 24, 1983.

Shea & Gould, Friedman & Gass, New York City, for debtors.

Layton & Sherman, New York City, for defendant Grumman Ecosystems Corp.

### DECISION AND ORDER ON MOTION TO IMPOSE DISCOVERY SANCTIONS

EDWARD J. RYAN, Bankruptcy Judge.

On December 1, 1978 E.C. Ernst, Inc. ("Ernst") filed a Chapter XI petition in this court pursuant to the Bankruptcy Act of 1898. Ernst was thereafter continued in business.

On September 15, 1982, Ernst instituted the instant adversary proceeding against Grumman Ecosystems Corporation ("Grumman") alleging the willful failure to comply with discovery requirements. The relief requested was the expungement of Grumman's claim in the Ernst reorganization pursuant to Rule 37 of the Federal Rules of Civil Procedure ("FRCP") made applicable to adversary proceedings in the bankruptcy court by Bankruptcy Rule 737.

The facts of the dispute are as follows: On or about December 1, 1977 Grumman and Ernst entered into a contract ("the Subcontract") whereby Ernst agreed to perform the electrical construction work on the Hampton Roads, Virginia, Army Base Wastewater Treatment Plant, Phase II Improvements ("the Project"). Grumman was the general contractor on the Project.

In November, 1979 Grumman contracted with Perini Corporation ("Perini") for Perini to serve as Grumman's construction manager for the Project. In December, 1979 Grumman terminated Ernst from the Project and engaged Manzi Electrical Company ("Manzi") to complete the work left unperformed by Ernst.

On April 24, 1981 Grumman filed a proof of an administrative claim against Ernst in

its reorganization proceeding for $693,720.41. That claim represented the damages suffered by Grumman as a result of Ernst's alleged breach of the Subcontract.

On July 10, 1981 Ernst instituted an adversary proceeding in this court alleging that it was Grumman who had breached the Subcontract. Ernst requested this court to (a) expunge Grumman's administrative claim, or in the alternative, permit rejection of the Subcontract and adjudicate that any claim proved by Grumman be allowed only as a general unsecured claim; and (b) enter a judgment against Grumman for $158,368 which represents unpaid sums due Ernst upon the Subcontract. On July 24, 1981 Grumman answered seeking dismissal of the complaint and counterclaiming for its administrative expense claim.

Discovery began shortly thereafter. In September, 1981 each party served the other with extensive document requests. Grumman delivered to Ernst voluminous documents pursuant to such request including copies of the invoices assembled by Manzi and Perini representing costs incurred by Grumman in securing completion of the unperformed portion of the Subcontract.

Ernst has also taken numerous depositions. Ernst has examined the following employees of Grumman: George Brown (on March 23, 1982); Dean Cassell (on March 24, 1982), Alex Wasyl (on June 23, 1982); and Jay Witte (on March 31, 1982, September 23, 1982 and October 18, 1982). Ernst has also deposed Warren Found of Manzi (on September 29, 1982) and Eugene Dragon of Perini (on March 31, 1982).

On June 20, 1982 Ernst served Grumman with written interrogatories seeking, *inter alia,* the component parts of Grumman's claim in the Ernst reorganization proceeding; identification of the documents supporting the claim; identification of the persons who calculated the claim; when and where such claim was calculated; and information relating to the completion of the Project. During the third week of July, counsel to Grumman requested and received from counsel to Ernst an extension until August 20, 1982 of the time by which Grumman would be required to respond to the Ernst interrogatories. However, on that date the interrogatories were not delivered due to "mechanical difficulties and missed deliveries."

On September 14, 1982 Ernst instituted the instant proceeding requesting discovery sanctions be imposed against Grumman for willful failure to comply with discovery. Although responses to the interrogatories were served on September 17, 1982 and Supplemental Responses served on October 18, 1982 Ernst continues to seek the imposition of sanctions against Grumman. Ernst maintains that the responses to the interrogatories and the deposition testimony are so unresponsive, vague and incomplete that the Grumman claim remains totally unexplained.

The sanctions requested are: the dismissal of Grumman's claim, the striking of Grumman's answer to Ernst's complaint and direction of judgment in favor of Ernst for $158,362.

Whether a court has the power to dismiss a claim for a failure of discovery depends exclusively upon FRCP 37 and not upon any inherent equity powers of a Federal court. *Societe Internationale pour Participations Industrielles et Commerciales, SA v. Rogers,* 357 U.S. 197, 207, 78 S.Ct. 1087, 1093, 2 L.Ed.2d 1255 (1958).

Dismissal for a failure to cooperate in pretrial discovery, pursuant to FRCP 37 is a draconian sanction which should be used only in extreme circumstances. *See Israel Aircraft Ltd. v. Standard Precision,* 559 F.2d 203, 208 (2d Cir.1977). Courts must exercise restraint because such a dismissal may operate to deprive a person of property without due process of law in contravention of the Fifth Amendment. *See Societe Internationale, supra* 357 U.S. at 209, 78 S.Ct. at 1094; Notes of Advisory Committee on Rules, Rule 37, 28 U.S.C.A. (1975 Supp.) page 53. Therefore, there is a strong policy favoring a trial on the merits and against depriving a party of his day in court because of misconduct during dis-

covery. *See Fox v. Studebaker-Worthington, Inc.,* 516 F.2d 989, 996 (8th Cir.1975); *Pioche Mines Consolidated, Inc. v. Dolman,* 333 F.2d 257, 270 (9th Cir.1964) *cert. denied* 380 U.S. 956, 85 S.Ct. 1082, 13 L.Ed.2d 972 (1965); *Gill v. Stolow,* 240 F.2d 669, 670 (2d Cir.1957).

FRCP 37(b)(2) and (d) authorizes a court to impose discovery sanctions. Rule 37(b)(2) is inapplicable in the instant case as dismissal pursuant to this subsection must be preceded by an order compelling discovery. *Kropp v. Ziebarth,* 557 F.2d 142, 146 n. 7 (8th Cir.1977); *Israel Aircraft Ind., Ltd. v. Standard Precision,* 559 F.2d 203, 208 (2d Cir.1977). No such order has been issued here.

■ Dismissal pursuant to Rule 37(d) is a proper remedy only when there has been a total failure of discovery. *Id. See also Al Barnett & Son, Inc. v. Outboard Marine Corp.,* 611 F.2d 32, 35 (3d Cir.1979); *Flaks v. Koegel,* 504 F.2d 702, 706 n. 2 (2d Cir. 1974).

■ Ernst maintains that there has been a failure of discovery here as insufficient information has been supplied to enable it to ascertain the basis for Grumman's claim. However, this high standard has not been approached as Grumman's claim is substantially explained and documented.

Grumman's claim was computed by Jay A. Witte, its Manager of Contracts. The claim was computed by calculating the actual cost to Grumman of the supplies and services within the scope of the Subcontract (the "Actual Cost") and subtracting from that figure the amount it would have cost Grumman had Ernst performed its obligation under the Subcontract.

The Actual Cost has two components. The first is payments made by Grumman to Ernst's account prior to the termination of Ernst from the Project. This figure is based upon accounting records prepared and maintained by Grumman. The second component is payments made to secure completion of the Subcontract after Ernst's termination. This was computed using a document entitled the "Manzi Cost Narra-

tive Analysis," which document was prepared by Warren Found of Manzi and John Julian of Perini to document for Grumman the costs incurred in completing the Subcontract. (Ernst has deposed Mr. Found but has failed to depose Mr. Julian). Mr. Witte made his calculation of the claim by hand on a copy of the Manzi Cost Narrative Analysis, a copy of which has been provided to Ernst. Ernst has also been provided with all invoices paid by Grumman in connection with the completion of the Subcontract. On April 16, 1981 Grumman transmitted a copy of the computation of the claim to counsel, who filed it with this court on April 24, 1981. The amount of the claim filed was identical to the figure calculated by Mr. Witte.

Clearly, there has been no total failure of discovery. Therefore, the expungement of Grumman's claim would be inappropriate. Ernst's motion is denied.

It is so ordered.