**In the Matter of Paul Timothy SULLIVAN, Debtor.**

**Paul Timothy SULLIVAN, Plaintiff,**

v.

**LIBERTY SAVINGS & LOAN ASSOCIATION, INC., Defendant.**

Bankruptcy No. 85–978.
Adv. No. 85–367.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 26, 1986.

Harley Riedel, Tampa, Fla., for defendant.

Hywel Leonard, Tampa, Fla., for plaintiff.

**ORDER ON MOTION FOR IMPOSITION OF SANCTIONS FOR FAILURE TO RESPOND TO DISCOVERY REQUESTS**

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 11 case is a Motion for Imposi-

tion of Sanctions for Failure to Respond to Discovery Requests, filed by Liberty Savings & Loan Association (Liberty). The Motion is filed in the above-captioned adversary proceeding commenced by Paul Timothy Sullivan (Debtor). The facts relevant and germane to a resolution of this controversy are without dispute and are as follows:

The Complaint to Determine Validity, Priority and Extent of Lien, was filed by the Debtor on November 6, 1985. Thereafter, on February 21, 1986, the Debtor filed an Amended Complaint and sought to subordinate the claim of Liberty and sought an order determining the validity, priority, and extent of a lien of Liberty and to recover preferential Transfers. The Debtor has failed, for a period of five months, to respond to Liberty's first set of Interrogatories which were propounded on December 23, 1985. In addition, it should be noted that no objection nor Motion for Protective Order has been filed by the Debtor. Liberty has not filed a Motion Seeking an Order Compelling Discovery pursuant to Bankruptcy Rule 7037(a) and Federal Rules of Civil Procedure 37(a). On May 28, 1986, Liberty filed a Motion for Imposition of Sanctions for Failure to Respond to Discovery Requests and a hearing was held on this matter July 8, 1986. Coincidentally, the Debtor filed a Notice of Filing Interrogatories on July 8, 1986.

Based on the foregoing undisputed facts, the only issues remaining for resolution are, first, whether an order to compel discovery is a condition precedent to an imposition of sanctions pursuant to Bankruptcy Rule 7037 and Federal Rule of Civil Procedure 37. Second, whether dismissal of this adversary proceeding, as sought by Liberty, is an appropriate sanction remedy. The basic sanctions available for violation of discovery rules is found in F.R.C.P. 37. Subclause (a) provides that a person affected by a violation of the Rule may apply for an order compelling discovery in general, which indicates that before a sanction can be imposed, there must be an order compelling discovery. On the other hand, subclause (d) leaves no doubt that a party to

whom interrogatories are addressed must respond either by objection or by furnishing the answers requested. The Court may impose sanctions if the party fails to comply even without entry of an order compelling compliance. F.R.C.P. 37(d) makes it clear that a party properly served with interrogatories has an absolute duty to respond, either by service of answers or objections to interrogatories, and that the court in which the action is pending may enforce this duty by imposing sanctions for its violation.

Based on the foregoing, it's clear that the Debtor's argument that an order to compel discovery is a prerequisite to an imposition of sanctions is without merit. "[T]here must be an order under subdivision (a) before sanctions are imposed under (b), while under (d) the party aggrieved moves directly for the imposition of sanctions." 4A *Moore's on Federal Practice* ¶ 37.05 at 37–100 (2d ed. 1981). "A direct order by the Court as provided in Rule 37(a) and (b) is *not a prerequisite* to imposition of sanctions under Rule 37(d)." *Fox v. Studebaker-Worthington, Inc.,* 516 F.2d 989, 993 (8th Cir.1975) (emphasis added); *see also Sigliano v. Mendoza,* 642 F.2d 309 (9th Cir.1981).

This leaves for consideration the second issue of whether a sanction of dismissal, as sought by Liberty, is appropriate in this adversary proceeding. Rule 37(b) of the Federal Rules of Civil Procedure provides a wide range of sanctions for a party's failure to comply with discovery, dismissal being the harshest of all. The choice among the various sanctions rests within the discretion of the Court. The structure of Rule 37(b) necessarily suggests that a court should consider lesser sanctions before resorting to dismissal or default. *In re Rubin,* 769 F.2d 611, 617 (9th Cir.1985) (citations omitted).

The Supreme Court has addressed the sanction of dismissal authorized by Rule 37. The Supreme Court noted that "there are constitutional limitations upon the power of courts, even in aid of their own valid

processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." *Societe Internationale v. Rogers,* 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958). In that case the Supreme Court reversed an order dismissing the party's complaint for failure to provide documents. In a later decision, however, the Supreme Court agreed that dismissal was an appropriate discovery sanction where plaintiff failed to respond to written interrogatories ordered by the trial court. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam).

█ This Court has *not* previously ordered response to the interrogatories in question, and no motions nor orders to compel have been entered in this matter. Therefore, the dismissal of this adversary proceeding would be too severe a sanction and should not be imposed under the circumstances. This does not mean; however, that the Plaintiff is entitled to escape the consequences of his failure to comply with proper discovery questions. Therefore, this Court is satisfied that the sanction in the amount of $250 against the Debtor is appropriate.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Imposition of Sanctions for Failure to Respond to Discovery Requests be and the same is hereby granted. It is further

ORDERED, ADJUDGED AND DECREED that monetary sanctions in the amount of $250 be and the same is hereby imposed on Paul Timothy Sullivan to be paid to Liberty within 30 days from the date of entry of this order. It is further

ORDERED, ADJUDGED AND DECREED that in the event the plaintiff fails to comply with the terms of this order, the Court will consider entry of an appropriate order, including but not limited to an order of dismissal of the above-captioned adversary proceeding.