In re John G. BARNHOLDT, Debtor.

ERIE MATERIALS, INC., Reed Paving, Inc. and Steps & Rails, Inc., Plaintiffs,

v.

John G. BARNHOLDT, Defendant.

Bankruptcy No. 86–00233.
Adv. No. 86–0065.

United States Bankruptcy Court,
N.D. New York.

April 23, 1987.

Byrne, Costello & Pickard, P.C., Syracuse, N.Y., for plaintiffs; Terry R. Pickard, of counsel.

Roy S. Sanders, Syracuse, N.Y., for defendant.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

Erie Materials, Inc., Reed Paving, Inc., and Steps & Rails, Inc. (collectively, "Plaintiffs") seek summary judgment on their adversary complaint filed against John G. Barnholdt ("Debtor"). Additionally, Plaintiffs move to strike the Debtor's Answer due to an alleged failure to comply with Court-ordered discovery, in contravention to Fed.R.Bankr.Pro. 7037 (applying Fed.R. Civ.P. 37(b)(2)(C)). The matter is submitted upon the affidavits of the parties and counsel.

The Plaintiffs' complaint seeks to have certain debts due them declared nondischargeable, and judgment entered for the amounts of the debts. The complaint is premised on Code § 523(a)(4), as well as Article 3–A of the New York Lien Law, §§ 70–79–a (McKinney 1966, Supp.1987) ("Lien Law"). Plaintiffs allege that Debtor is indebted to each as follows:

| | Material/Labor | |
|---|---|---|
| Erie Materials, Inc. | Roofing materials | $4,998.74 |
| Reed Paving, Inc. | Runder Crush, Loader | $5,989.43 |
| Steps & Rails, Inc. | Precast Coping | $5,169.29 |

The materials and labor were provided Barnholdt Enterprises, Inc. ("Corporation") in connection with the latter's installation of real property improvements on property commonly known as 101 and 103 Sedgwick Drive, Syracuse, Onondaga County, New York. Plaintiffs allege Debtor was President and sole shareholder of the Corporation, the latter acting as a general contractor as defined by the Lien Law when it received funds as payment for the improvements. These proceeds are alleged to have been impressed with a statutory trust under Article 3–A of the Lien Law, and presumably the Corporation failed to timely disburse the sums due Plaintiffs pursuant to obligations imposed by the Lien Law.

Debtor is alleged to be personally liable for the Corporation's breach of its fiduciary obligations due Plaintiffs. Plaintiffs allege Debtor has not provided an accounting of the sums held or received on account of the improvements, as he was presumably individually commanded to do so by order of the Hon. Leo F. Hayes, Justice of the New York Supreme Court, Onondaga County, dated February 11, 1986. The Corporation's alleged failure to maintain proper records is said to be presumptive evidence that the Corporation has applied or consented to the application of the trust funds for purposes other than those prescribed by the Lien Law.

Debtor filed an answer on August 11, 1986 generally denying the allegations of the complaint. Debtor seeks dismissal of the complaint and a determination that the Plaintiffs' obligations are dischargeable.

On August 27, 1986, Plaintiffs served written interrogatories upon Debtor's counsel by mail. As Debtor failed to supply answers to the interrogatories, Plaintiffs filed a motion on September 29, 1986 seeking relief under Fed.R.Bankr.P. 7037 (Fed. R.Civ.P. 37). By order dated and filed October 24, 1986, Debtor was ordered to deliver verified and complete answers. Debtor's answers (filed November 13, 1986), were served on Plaintiffs' counsel on or about November 4, 1986. As indicated, Plaintiffs contend the Debtor has failed to comply with the Court order, and conse-

quently, request that Debtor's answer be struck.

The following facts are not subject to material dispute.

## FINDINGS OF FACT

1. The Debtor filed his individual petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–151326 ("Code") on or about February 25, 1986. The first date set for the Code § 341 meeting of creditors was April 9, 1986.

2. At the time Debtor filed his individual petition, he was the President, director and sole shareholder of the previously identified Corporation, incorporated pursuant to the laws of the State of New York.

3. The Corporation filed a petition for relief under Chapter 7 of the Code on or about October 29, 1985.

4. Plaintiffs provided labor and materials to the Corporation which were utilized for real property improvements at a site commonly known as 101 and 103 Sedgwick Drive, City of Syracuse, Onondaga County, New York.

5. The Corporation received certain monies on account of the real property improvements from one Thomas Kennedy.

6. In March, 1985, each Plaintiff demanded a verified statement from the Corporation detailing acquisition and disbursements of trust proceeds pursuant to § 76 of the Lien Law.

7. On or about July 24, 1985, the Corporation responded to Plaintiffs' demand by unverified letter from the Debtor (identified therein as "President"), containing unverified copies of pages presumably from the Corporation's "Cash Receipts Journals" and "Cash Disbursement Journals". Total receipts from the real property improvements were $202,571.10.

8. Prior to the corporate bankruptcy filing, Debtor was personally aware that the Corporation was doing business with the Plaintiffs. It is questionable whether Debtor had personal knowledge of the exact sums received by the Plaintiffs in connection with the real property improvements. Debtor signed all corporate checks

in his capacity as President of the Corporation.

## CONCLUSIONS OF LAW

The Court has jurisdiction over this core proceeding, 28 U.S.C. § 157(B)(2)(I), pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a).

## I. DISCOVERY SANCTIONS

The Federal Rules of Civil Procedure were designed to eradicate trial-by-surprise, and arrive at a reasoned search for the truth. Basic issues and facts are to be disclosed to the fullest practicable extent, with disclosure limited only as to matters involving strong public policy. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683, 78 S.Ct. 983, 986–87, 2 L.Ed.2d 1077 (1958); *Hickman v. Taylor*, 329 U.S. 495, 500–01, 67 S.Ct. 385, 389, 91 L.Ed. 451 (1947); *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1063 (2d Cir.1979). The present case does not involve sensitive issues, or those where policy considerations warrant more limited access to information. Indeed, the Court evidenced its its desire that Debtor fully disclose the information sought by Plaintiffs' interrogatories when it issued its earlier discovery Order. Plaintiffs now request that the Court exercise its inherent power to sanction a party which fails to abide by discovery orders. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–65, 100 S.Ct. 2455, 2462–63, 65 L.Ed.2d 488 (1980); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir.1982); *Penthouse International, Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 386 (2d Cir.1981); *Cine Forty-Second Street Theatre Corp., supra*, 602 F.2d at 1066. The Court has broad discretionary power to impose sanctions upon a party who, for whatever reasons, fails to comply with the legitimate discovery requests of its adversary. In exercising its discretion, the Court is to consider not only the dissuasive effects an order may have upon the party at fault in the present case, but also as to the impact upon discovery in other pending litigation. The Court must scrutinize the manner and

extent of the discovery request, the degree of fault which the party complained of rightly bears for the failure to comply, and whether noncompliance follows prior court involvement in the discovery process. *Insurance Corp. of Ireland Ltd. v. Compagnie des Bauxites,* 456 U.S. 694, 707, 102 S.Ct. 2099, 2106–07, 72 L.Ed.2d 492 (1982); *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642–43, 96 S.Ct. 2778, 2780–81, 49 L.Ed.2d 747 (1976) (per curiam); *Societe Internationale v. Rogers,* 357 U.S. 197, 208–10, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958); *Flaks v. Koegel,* 504 F.2d 702, 708–09, (2d Cir.1974); *Diapulse Corp. of America v. Curtis Publishing Co.,* 374 F.2d 442, 447 (2d Cir.1967).

■■■ Fed.R.Civ.P. 37 provides the Court with a large repertoire of sanctions, with the harshest being the striking of a pleading. Consequently, such relief is to be granted sparingly, and only in extreme circumstances. *Israel Aircraft Industries Ltd. v. Standard Precision,* 559 F.2d 203, 208 (2d Cir.1977); *Flaks v. Koegel, supra,* 504 F.2d at 707; *Negron v. Peninsular Navigation Corp.,* 279 F.2d 859, 860, (2d Cir.1960) (per curiam). Because of constitutional due process concerns, arising from a strong policy favoring trial on the merits, *Gill v. Stolow,* 240 F.2d 669, 670 (2d Cir. 1957), the sanction requested by the Plaintiffs should be utilized only where a party has evidenced bad faith, willfulness, or gross negligence with respect to a discovery request, *National Hockey League v. Metropolitan Hockey Club, Inc., supra,* 427 U.S. at 643, 96 S.Ct. at 2781; *Flaks v. Koegel, supra,* 504 F.2d at 709; *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., supra,* 602 F.2d at 1066; *T.E. Quinn Truck Lines, Ltd. v. Boyd, Weir & Sewell, Inc.,* 91 F.R.D. 176, 178 (W.D.N.Y.1981); *Plevy v. Scully,* 89 F.R.D. 665, 667 (W.D.N.Y.1981), or where there has been a total failure to answer. *E.C. Ernst, Inc. v. Grumman Ecosystems Corp. (In re E.C. Ernst, Inc.),* 26 B.R. 576, 578 (Bankr.S.D.N.Y.1983). Consequently, the Court should first consider less severe sanctions which may be appropriate under the circumstances. *Insurance Corp. of Ireland v. Compagnie des Bauxites, supra,* 456 U.S. at 707, 102 S.Ct. at 2107; *Matter of MacMeekin,* 722 F.2d 32, 34–35 (3d Cir.1983); *Matter of Sullivan,* 65 B.R. 578, 579, (Bankr.M.D.Fla.1986).

■■■ The Court's Order of October 23, 1986, required the Debtor to provide verified and complete answers to Plaintiffs' written interrogatories of August 27, 1986. The interrogatories are not expansive; they consist of five questions (with some sub-parts), and generally request information on the Corporation's bookkeeping practices for the construction job out of which Plaintiffs' claims arose. In this regard, the Debtor was asked to review the books and records of the Corporation, specify monies held or paid on account of the construction job, and also list sums received by the Corporation as payments from the property owner. Debtor was also requested to give the names and addresses of any person(s) who authorized disbursement of the construction job proceeds, and was requested to itemize the materials and purchase price thereof which the Corporation purchased from each Plaintiff.

Debtor replied that the information concerning the books and records had previously been provided. Debtor also identified certain individuals by name, but did not provide addresses, and Debtor failed to itemize the materials purchased from Plaintiffs, claiming a lack of "1st hand knowledge." The answers were then signed by Debtor, and notarized by Debtor's counsel.

The information requested forms the substance of Plaintiffs' case, and as the President of the Corporation, the Debtor had a duty to supply complete, explicit, and responsive answers to the questions posed. 4A MOORE'S FEDERAL PRACTICE ¶ 33.-26, 33–150 (2d ed. 1984). If he did not have certain information, or could not supply specifics or details, he should have stated so. In such circumstances, the Debtor should have set forth *in detail* the efforts made to obtain the information requested. *Id.* at ¶ 33.26, 33–151, 152 (and cases cited at n. 4 therein).

■■■ Of course, the Debtor cannot be expected to produce what he does not have

in his possession or control. *Hopson v. United States (In re National Public Utility Investing Corp.)*, 79 F.2d 302, 303 (2d Cir.1935). Yet, "[i]f the documents sought are not in existence, it is incumbent upon the objecting party ... to so state *under oath* and not by way of a general unverified allegation." *Jensen v. Boston Insurance Co.,* 20 F.R.D. 619, 621 (N.D.Calif. 1957). If the documents from which the requested information could be divined are in the possession of a third party over which the answering party has control, that party must supply the information or answer pursuant to Fed.R.Civ.P. 33(c). *Cf. United Mercantile Agencies v. Silver Fleet Motor Express*, 1 F.R.D. 709, 712 (W.D.Ky.1941).[1] In any event, the interrogated party should proffer what information it has, regardless of its source. *Riley v. United Air Lines, Inc.*, 32 F.R.D. 230, 233 (S.D.N.Y.1962).

◼ The Debtor herein has provided answers, albeit sparse, to Plaintiffs' interrogatories. The answers fail to respond to the questions posed, and where Debtor pleads a lack of knowledge, the answers fail to reveal what actions the Debtor undertook to ascertain the requested information. The Debtor is not required to undertake Plaintiffs' discovery for them; what is required is a good faith effort to completely answer questions posed. The Court will not allow the discovery process to deteriorate into a scheme where straightforward questions are answered with ill-considered and partial responses. This is particularly true where the Court has previously ordered full and complete responses.

◼ Consequently, the Court will allow Plaintiffs' counsel $150.00 as fees for the costs of this motion. However, the Court believes the primary purpose to be sought is the revelation of pertinent information, not the sanctioning of counsel. While the Court takes a dim view of Debtor's slipshod responses, his action has not risen to

so serious a level as to warrant the drastic sanction requested by Plaintiffs. *Accord, Stanziale v. First National City Bank*, 74 F.R.D. 557, 559 (S.D.N.Y.1977). *See Diapulse Corp. of America v. Curtis Publishing Co.*, *supra*, 374 F.2d at 447; *Krieger v. Texaco, Inc.*, 373 F.Supp. 108, 111 (W.D.N.Y.1973). Debtor will be afforded one last opportunity to fully respond to the questions posed by Plaintiffs in a manner consistent with the Court's observations as outlined above. Having had the luxury of considering what information was requested for now close to eight months, full complete and responsive answers, under oath, must be served upon Plaintiffs' counsel no later than thirty (30) days from the notice of entry of this Order.

◼ Concerning Plaintiffs' request for summary judgment, the record reveals that a substantial question of law remains, rendering such relief premature. Specifically, § 79–a of the Lien Law imposes personal liability upon the principals of a trustee where the individual "applies or consents to the application of trust funds received by the trustee ... for any purpose other than the trust purposes of that trust." Because Plaintiffs are attempting to hold Debtor personally liable for the alleged acts of the corporate trustee, and because the record is incomplete as respects Debtor's knowledge and involvement with the use of the trust monies, summary judgment is inappropriate. *People v. Rosano*, 69 A.D.2d 643, 657 (N.Y.App.Div.1979) *citing Santa Barbara v. Avallone*, 270 N.Y. 1, 6, 199 N.E. 777 (1936) *(active* participation in or knowledge of diversion necessary for imposition of personal liability).

As a consequence of the foregoing, it is

ORDERED:

1. Debtor shall pay Plaintiffs' counsel the sum of $150.00 within thirty (30) days as a sanction for the costs associated with the discovery motions.

---

**1.** "It is to be fairly assumed ... that the books and records pertaining to the defendant's business are in the defendant's control. In the usual course of events the defendant would either have actual physical possession of its own records or would be in a position to obtain them for someone who has temporary custody of them with the defendant's permission. Such control, without actual possession, is sufficient."

2. Debtor shall serve upon Plaintiffs' counsel complete, verified answers to the Interrogatories served upon him on or about August 27, 1986, no later than thirty (30) days from the notice of entry of this Order.

3. Plaintiffs' motion for summary judgment is denied.