McCREA v. McCLENAHAN et al.

(Supreme Court, Appellate Division, Second Department. March 19, 1909.)

CORPORATIONS (§ 223*)—OFFICERS—TORTS—INDIVIDUAL LIABILITY.

   Where goods are left in the possession of a corporation, and through the personal action of the president thereof the goods are converted, the president is liable individually, though he was also acting on behalf of the corporation.

   [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 223.*]

Appeal from Special Term, Westchester County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by William G. McCrea against James McClenahan and the David Stevenson Brewing Company for conversion. From a judgment dismissing the complaint as to McClenahan, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAY-NOR, JENKS, and MILLER, JJ.

Harlan F. Stone, for appellant.

J. Rider Cady, for respondent McClenahan.

WOODWARD, J. This action was brought to recover damages for the conversion of certain goods, concededly belonging to the plaintiff and left by him in the possession of the defendant David Stevenson Brewing Company, of which the defendant McClenahan was president at the time of the alleged conversion, and by whose personal action the conversion was consummated. Upon the trial the learned justice presiding dismissed the complaint as to the defendant McClenahan, and, upon the jury finding a verdict of $2,500, the same was set aside as being excessive. The plaintiff appeals from the judgment dismissing the complaint as to the defendant McClenahan.

We are unable to discover any good reason for dismissing the complaint as against McClenahan. He was the president, and apparently in charge of the brewing company's business. It was he who refused to give up possession of the chattels, concededly belonging to the plaintiff; his refusal being based upon an assumed right to a lien upon the same for storage. The tortious act was his own act, and the fact that he was also acting in behalf of the brewing company does not serve to relieve him from personal responsibility. Rodney Hunt Machine Co. v. Stewart, 57 Hun, 545, 553, 11 N. Y. Supp. 448.

The judgment appealed from should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.