HINKLE IRON COMPANY, Appellant, *v.* OTTO M. KOHN, Respondent.

Equitable assignment — conversion — assignment by one corporation to another of part of moneys due to the assignor — collection and use by president of assignor, for his company, of assigned moneys — when such president liable as for a conversion for so using the assigned money — sufficiency of complaint.

1. The test of an equitable assignment is the inquiry whether or not an assignment makes an appropriation of the fund so that the debtor would be justified in paying the debt or the assigned part to the person claiming to be the assignee.

2. A corporation assigned to the plaintiff by the hand of the defendant, as its president, a certain sum out of a designated payment to become due the corporation under a contract with the city of New York. The assignment was not filed. The corporation, at the hand, or with the knowledge of the defendant, received the payment of the whole amount due in a check or warrant, which the defendant properly indorsed and caused to be deposited in the bank to the credit of the corporation. The corporation paid the plaintiff only a part of the assigned sum. The defendant, with knowledge of the facts, and also of his promise to plaintiff, drew and signed the checks of the corporation whereby all of the balance of the designated payment was drawn out and applied to the use and benefit of defendant and the corporation. The corporation was adjudicated a bankrupt, and its assets will not be sufficient to pay the balance due the plaintiff. A demand upon defendant and refusal preceded the commencement of the action. The defendant demurred to the complaint upon the ground that it failed to state a cause of action. *Held*, that the designated fund, while an expectancy, was not a mere possibility coupled with no interest. The performance of an obligatory contract would

produce it. As between the parties, it operated as an equitable assignment and, in equity, created an ownership in the plaintiff of so much of the designated fund, when created, as was specified and assigned in it. The appropriation to its own use was unlawfully made by the corporation. The defendant, with full knowledge of all the facts, participated in and accomplished the conversion and misappropriation and is, therefore, liable to the plaintiff for the amount converted.

*Hinkle Iron Co.* v. *Kohn*, 184 App. Div. 181, reversed.

(Argued February 23, 1920; decided June 1, 1920.)

APPEAL from a judgment, entered September 24, 1918, upon an order of the Appellate Division of the Supreme Court in the first judicial department which reversed an order of Special Term denying a motion by defendant for judgment in his favor upon the pleadings and granted said motion.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James W. McElhinney* for appellant. The written assignment of the Midtown Contracting Company was a transfer of the legal title to the specified portion of the payment, and after the delivery of that assignment, the assignor had no legal right, by virtue of the assignment, to collect the plaintiff's portion of that payment. (*Dannat* v. *Comptroller*, 77 N. Y. 45; *Frist* v. *Child*, 88 U. S. 441.) The defendant, having authority to sign his company's checks, and full knowledge of the assignment to the plaintiff of $4,500 of the eighth payment on his company's contract, was under a trust duty and obligation to his company, and also to the plaintiff, to account for and pay to the plaintiff the assigned portion of the said payment; and his act in applying any part of it to and for his own use or the use of his company by checks which he signed was wrongful, and a misappropriation and conversion of money which belonged to the plaintiff; and renders him, as well as his company, liable to the plaintiff. (*Britton* v. *Ferrin*, 171 N. Y. 235; *Baker* v.

*N. Y. Nat. Bank,* 100 N. Y. 31; *Commercial Bank of Penn.* v. *Heilbrouner,* 108 N. Y. 439; *Moffat* v. *Fulton,* 132 N. Y. 509; *People ex rel. Dannat* v. *Comptroller,* 77 N. Y. 45; *Chenango Bridge Co.* v. *Paige,* 83 N. Y. 178; *Rodney Hunt Machine Co.* v. *Stewart,* 57 Hun, 545; *Bischoff* v. *Yorkville Bank,* 218 N. Y. 106; *Comstock* v. *Hier,* 73 N. Y. 269; *Spraights* v. *Hawley,* 39 N. Y. 441; *Kilmer* v. *Hutton,* 131 App. Div. 625; *Lafferty* v. *Snethen,* 68 N. Y. 522; *Yorkshire Ice Co.* v. *Flanagan,* 176 App. Div. 536.)

*C. Bertram Plante* and *Harry Edwards* for respondent. The assignment of a portion of a future payment to become due under a building contract, not being of anything *in esse,* and coupled with an oral agreement that the assignor should collect the entire fund and pay such portion therefrom, did not constitute a legal assignment which would vest title in the plaintiff to any particular money. (*Deely* v. *Dwight,* 132 N. Y. 59; *Kribbs* v. *Alford,* 120 N. Y. 519; *Williams* v. *Ingersoll,* 89 N. Y. 508.) The instrument was not good as an equitable assignment for it was never filed with the city of New York. (*Donovan* v. *Middlebrook,* 95 App. Div. 365; *Holmes* v. *Bell,* 139 App. Div. 455; *Trist* v. *Child,* 21 Wall. 441; *Field* v. *City of New York,* 6 N. Y. 179; *Jones* v. *Mayor,* 90 N. Y. 387; *Thomas* v. *N. Y. & G. L. R. Co.,* 139 N. Y. 163; *Williams* v. *Ingersoll,* 80 N. Y. 508.) As the alleged legal assignment was not a legal assignment, there could be no conversion, as there was no legal title to any of the money in the plaintiff. (*Cody* v. *First Nat. Bank,* 63 App. Div. 199; *I. & G. Trust* v. *Tod,* 170 N. Y. 233; *Deely* v. *Dwight,* 132 N. Y. 59; *Walter* v. *Bennett,* 16 N. Y. 250.)

COLLIN, J. A brief yet adequate statement of the facts alleged in the complaint is: A contractor corporation assigned to the plaintiff November 10, 1915, by the

hand of the defendant, its and as its president, the sum of forty-five hundred dollars out and a part of a designated payment to become due the corporation under a contract between it and the city of New York. The assignment was not filed. The corporation, at the hand or with the knowledge of the defendant, received between December 31, 1915, and January 20, 1916, the payment in a check or warrant, which the defendant properly indorsed and caused to be deposited in the bank to the credit of the corporation. The corporation paid the plaintiff twenty-five hundred dollars, and no more, on account of the assigned sum. The defendant, with knowledge of the facts, " fraudulently, wrongfully, unlawfully and in violation of his duty and obligation as trustee of said corporation, and as to said plaintiff, and also of his promise to said plaintiff, drew and signed the checks of the corporation whereby all of the balance of said eighth (the designated) payment was drawn out and applied to the use and benefit of said defendant and the said " corporation. The corporation was about September, 1917, adjudicated a bankrupt, and its assets will .not be sufficient to pay the balance due the plaintiff. A due demand and refusal preceded the commencement of the action. The defendant demurred to the complaint upon the ground that it failed to state a cause of action. The Special Term judgment overruled the demurrer. The Appellate Division by a non-unanimous .decision reversed the judgment and directed judgment dismissing the complaint.

The facts alleged constitute a cause of action. The designated fund — the eighth payment by the city — while an expectancy, was not a mere possibility coupled with no interest. The performance of an obligatory contract would produce it. It is sufficient that there be a reasonable expectancy that the debt will be earned and the fund come into existence. The instrument of assignment was not an agreement by the contractor to pay its debt to the plaintiff out of the designated payment.

It consisted of words of transfer rather than of contract. It, as between the parties to it, operated as an equitable assignment and, in equity, created an ownership in the plaintiff of so much of the designated fund, when created, as was specified and assigned in it. (*Field* v. *Mayor, etc., of New York,* 6 N. Y. 179; *Stover* v. *Eycleshimer,* 3 Keyes, 620; *Kimball* v. *Farmers & Mechanics' National Bank of Buffalo,* 138 N. Y. 500, 506; *Crouch* v. *Muller,* 141 N. Y. 495.) Under the law of this jurisdiction the creation of such ownership did not depend upon the consent of the city to or the filing of the assignment. Nor was it affected by the fact that the debt was to be created and the payment was to become due or that the assignment was of a part only of the designated payment. The test of an equitable assignment is the inquiry whether or not an assignment makes an appropriation of the fund so that the debtor would be justified in paying the debt or the assigned part to the person claiming to be the assignee. (*Fairbanks* v. *Sargent,* 117 N. Y. 320; *Williams* v. *Ingersoll,* 89 N. Y. 508; *Jones* v. *Mayor, etc., of New York,* 90 N. Y. 387; *Lowery* v. *Steward,* 25 N. Y. 239; *Holmes* v. *Evans,* 129 N. Y. 140.) The assignment here satisfies the test.

The contractor corporation received the entire of the designated eighth payment, which exceeded largely the sum assigned to the plaintiff as we have stated, and deposited the sum to its credit in a bank. The defendant personally participated in or had knowledge of such acts. The corporation received and deposited the assigned sum in a trust capacity, because the sum was equitably the property of the plaintiff, which the corporation, as the owner of the legal title, was authorized to receive and hold only for the purpose of delivery to the plaintiff. After payment the sum was in the possession of the corporation as a special deposit or bailment for the benefit of the plaintiff. The corporation could not lawfully appropriate it to another purpose. It had not the right

to convert or misappropriate it. The conversion or misappropriation by it made it personally liable to the plaintiff for the amount converted. The violation by a trustee of the trust relation subjects the trustee to a personal liability therefor by way of compensation or indemnification, which the beneficiary may enforce. The defendant, with knowledge of all the facts, participated in and accomplished the conversion and misappropriation. He, therefore, is liable to the plaintiff for the amount converted. (*Bischoff* v. *Yorkville Bank*, 218 N. Y. 106.)

The judgment appealed from should be reversed and the order of the Special Term affirmed, with costs in this court and the Appellate Division.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN, ANDREWS and ELKUS, JJ., concur.

Judgment reversed, etc.