■ LOUIS MELNICK, Appellant, v. CHARLES SABLE et al., Respondents, et al., Defendant.—In an action to recover a sum of money delivered by plaintiff, to be retained as a deposit against his share in the prospective purchase of a gasoline station, plaintiff appeals from so much of a judgment of the Supreme Court, Kings County, entered October 21, 1959, after a jury trial, as dismisses the complaint against the individual defendants at the close of plaintiff's case. Judgment insofar as appealed from affirmed, without costs. The money was delivered to the corporate defendant and the promise to return the money if the purchase was not consummated was that of the corporate defendant. There was no obligation on the part of the individual defendants. Nor was the evidence sufficient to prove any fraud on the part of the individual defendants. The money was turned over to the corporate defendant to be used for a specific purpose for the benefit of the plaintiff. Under such circumstances, conversion will lie. (*Britton* v. *Ferrin,* 171 N. Y. 235; *Baker* v. *New York Nat. Exch. Bank,* 100 N. Y. 31; *Moffatt* v. *Fulton,* 132 N. Y. 507, 515.) An individual, even though acting for a corporation of which he is an officer, may be held liabile for conversion. (*McCrea* v. *McClenahan,* 131 App. Div. 247; *Debobes* v. *Butterly,* 210 App. Div. 50.) But such liability accrues only against the individual officer who consummated the conversion through his personal action. There is no proof in this case which of the individual defendants actively participated in the conversion. In any event, the liability for the conversion would be dischargeable in bankruptcy. (*Wood* v. *Fisk,* 215 N. Y. 233; *Meyer* v. *Price,* 250 N. Y. 370; *Davis* v. *Ætna Acceptance Co.,* 293 U. S. 328.) Both of the individual

defendants filed petitions in bankruptcy, listed plaintiff as a creditor, and received their discharge. Beldock, Acting P. J., Ughetta, Christ and Pette, JJ., concur.