■ Prudential-Bache Securities, Inc., Appellant, v Golden Larch-Sequoia, Inc., Formerly Known as Strike Gold, Inc., et al., Respondents.—Judgment, Supreme Court, New York County (Shirley Fingerhood, J.), entered September

4, 1985, which granted plaintiff summary judgment in the amount of $22,500 plus interest and costs on its first cause of action and dismissed plaintiff's second cause of action, unanimously modified, on the law, to reinstate the second cause of action, and otherwise affirmed, without costs.

Plaintiff Prudential-Bache Securities, Inc., inadvertently wired $25,000 into the account of the corporate defendant when a client had requested the Prudential wire $2,500 to that account. When Prudential discovered the error less than one month later, it notified the individual defendants of the error and demanded return of the excess $22,500. Defendants failed to return the funds.

Thereupon, plaintiff brought this action seeking recovery of $22,500, asserting two causes of action—one against the corporation, for money had and received, and the second against both the corporation and the individual defendants, officers of the corporation, for conversion.

When Special Term granted plaintiff's motion for partial summary judgment on the first cause of action, it also dismissed the second cause of action.

The dismissal of the second cause of action was improper in these circumstances. A plaintiff may join as many causes of action as it may conceivably have (CPLR 601) against as many defendants as may be liable (CPLR 1002 [b]) in a single suit, and the recovery of a judgment, which is unsatisfied, against one defendant shall not be deemed an election of remedies which bars an action against the others. (CPLR 3002 [a].) This is especially so when causes of action exist against several persons under theories of implied contract (in this case, money had and received) and conversion. (CPLR 3002 [c].)

In reinstating the second cause of action, which lies against both the corporation and its officers, we note that an officer of a corporation who participates in the conversion of property of third persons on behalf of a corporation may still be personally liable. (See, Hinkle Iron Co. v Kohn, 229 NY 179; see also, 15 NY Jur 2d, Business Relationships, § 1085.)

We also note that the second cause of action seeks punitive damages as well as the recovery of $22,500. In that respect, the second cause of action is not repetitive of the first cause of action. Concur—Sandler, J. P., Asch, Lynch, Rosenberger and Ellerin, JJ.