(March 9, 1989)

■ LEE J. INGRAM, JR., et al., Appellants, v MACHEL AND JR. AUTO REPAIR, INC., et al., Respondents.—Order, Supreme Court, Bronx County (Harold Tompkins, J.), entered December 1, 1987, which denied plaintiffs' motion for partial summary judgment, dismissed plaintiffs' claims for punitive damages, transferred plaintiffs' action to the Civil Court of the City of New York, Bronx County, and denied defendant Machel Monley's cross motion to dismiss the complaint, unanimously modified, on the law, plaintiffs' motion for partial summary judgment on their causes of action for conversion granted, the same are severed for prompt inquest to fix damages, and otherwise affirmed, with costs.

Defendants sought to liquidate their claim for unpaid garage bills for storage of plaintiff Denson's BMW automobile, delivered to defendants by plaintiff Ingram, by foreclosing their possessory lien and selling the car at auction. Because defendants committed multiple violations of the Lien Law in undertaking this remedy, they are liable for the resulting conversion of the BMW. It was therefore error for the motion court to deny partial summary judgment in favor of plaintiffs on their respective causes of action for conversion. Among defendants' violations of pertinent Lien Law provisions were the following:

(1) Defendants sold the automobile at an auction sale on September 14, 1983, only 14 days after their first publication of the sale in the New York Daily Fruit and Vegetable Reporter on August 31, 1983. Thus they violated Lien Law § 202 (1) which provides that an auction sale of personal property, upon which a lien is asserted, must be held "not less than fifteen days from the first publication" (Lewis v Jim's Boat Yard, 70 Misc 2d 425; see also, same case at 73 Misc 2d 24, and authorities therein cited).

(2) The nine-day interval fixed by the date the notice was mailed to plaintiffs and the date set for final opportunity to

satisfy the lien was in violation of Lien Law § 201, which requires a 10-day notice period.

(3) The scheduling of the auction sale for September 14, 1983 left only 15 days (10 days less than the 24 days required by the Lien Law) to pass between the date the notice was mailed (Aug. 30, 1983) and the date of the auction sale.

(4) Defendants failed, as a matter of law, to exercise "due diligence" in serving the notice of sale as required by Lien Law § 201. Here, only the most perfunctory effort was made to furnish notice, the inadequacy of which totally failed to apprise either plaintiff of the impending auction (Barnes v City of New York, 70 AD2d 580; Smith v Wilson, 130 AD2d 821, 822).

These clear departures from the strict requirements of the Lien Law raised no triable issues and constituted conversion as a matter of law (Wise & Co. v Rand McNally & Co., 195 F Supp 621; Herschenhart v Mehlman, 125 Misc 887; see generally, Sharrock v Del Buick-Cadillac, 45 NY2d 152).

The motion court properly denied defendant Machel Monley's cross motion to dismiss the complaint as against him. Monley, as president of the corporate defendant, was a direct participant in the conversion of the automobile in that he hired the defendant auctioneer and is chargeable with this agent's full knowledge and control of the auction sale procedures. Officers and agents of corporations are personally liable for their own acts which bring about a conversion of a third party's property, and it is no defense to personal liability that the officer or agent may have been acting on behalf of a corporate principal (Hinkle Iron Co. v Kohn, 229 NY 179; Prudential-Bache Sec. v Golden Larch-Sequoia, 118 AD2d 487, 488).

Finding no error in the remaining dispositions made by the motion court, we otherwise affirm. Concur—Murphy, P. J., Kupferman, Carro, Ellerin and Wallach, JJ.