Barbara PEREZ, Plaintiff,

v.

The UNITED STATES of
America, Defendant.

No. 92 Civ. 7727(MEL).

United States District Court,
S.D. New York.

March 11, 1994.

Gerst, Konigsberg, & Levin, Esqs., Garden City, NY (Kelly Foley, of counsel), for plaintiff.

Mary Jo White, U.S. Atty., S.D.N.Y., New York City (William J. Hoffman, Asst. U.S. Atty., of counsel), for defendant.

LASKER, District Judge.

Barbara Perez sues to recover personal property seized by Drug Enforcement Administration ("DEA") agents from her apartment. The complaint states three causes of action: conversion, replevin and negligence under the Federal Tort Claims Act ("FTCA").

By an Order and Opinion dated December 20, 1993, Perez's claims for conversion and replevin were dismissed because Perez failed to file the required claim and cost bond, pursuant to 21 C.F.R. § 1316.75 (1993), to preserve her right to a judicial determination on the merits of the seizure and forfeiture. 838 F.Supp. 860 (S.D.N.Y.1993). However, her allegation that the DEA failed to provide her the statutorily-required notice was held to state a claim under the FTCA. 28 U.S.C. § 2671 *et seq.* (1993). That determination was based on a ruling that the FTCA exemption for torts "arising out of the detention of goods," 28 U.S.C. § 2680(c), did not bar a claim of failure to provide notice. Because the key fact question on the FTCA claim—whether Perez was given due notice—remained in dispute, the Government's summary judgment motion was denied.

The Government moves for reargument asserting that (1) DEA's failure to provide notice is not actionable under the FTCA because there is no private party analog; (2) a claim for failure to provide notice is barred by 28 U.S.C. § 2680(c); and (3) Perez has not filed an administrative claim with the DEA raising the defective notice issue and must do so before commencing an FTCA action.

## I.

The FTCA provides that the "United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The Government argues that Perez's claim is not actionable because "there is no private party analog for negligently forfeiting items seized" (Gov't Mem. at 6).

Perez responds that the failure to provide notice made the DEA's forfeiture of her property unauthorized and constituted the tort of conversion under state law.

The Court of Appeals has held that "the FTCA imposes liability upon the government to the same extent and in the same manner, as a private individual under 'like,' not identical circumstances." *Akutowicz v. United States,* 859 F.2d 1122, 1125 (2d Cir.1988). The Court noted that "acts or omissions alleged to be unconstitutional—for example, violations of procedural due process—would support liability under the Act *only* if they constituted independent torts under state law." *Birnbaum v. United States,* 588 F.2d 319, 329 (2d Cir.1978). "It would be an unusual situation when such a concatenation of wrongs would occur." *Id.,* citing *Myers & Myers, Inc. v. United States Postal Service,* 527 F.2d 1252 (2d Cir.1975) (failure to give prior hearing before cancelling a postal contract, as required by either the Constitution or the Postal Service regulations, may constitute negligence per se for which recovery may be had under the FTCA). This case presents a situation where such a concatenation exists.

■■■ Under New York law, a lienholder who fails to give notice to a debtor before selling the debtor's property is liable for conversion. *Ingram v. Machel and Jr. Auto Repair,* 148 A.D.2d 324, 538 N.Y.S.2d 539 (1st Dept.1989) (failure to comply with Lien Law § 201 requirement of 10–day notice constitutes conversion). Moreover, under New York law, an official "who levies on and sells property without complying with the requirements of the statute as to posting of notice in advance of sale ... may be held liable for conversion." *White v. Page,* 275 A.D. 871, 88 N.Y.S.2d 373 (1949). The rule of these decisions is that failure to give statutory notice before disposing of seized property is a rec-

ognized tort under New York law. *See also* 23 N.Y.Jur.2d Conversion §§ 28 and 47.

■ Perez's allegation that the DEA failed to give her statutory notice before disposing of her property presents a "like," if not nearly identical, circumstance for which a private individual may be sued under New York law. Accordingly, Perez's claim is actionable under the FTCA.

The cases cited by the Government are not inconsistent with this conclusion. They involve particular instances of negligence that can have no private party analog. *See Akutowicz v. United States,* 859 F.2d 1122 (2d Cir.1988) (wrongful deprivation of citizenship); *Chen v. United States,* 854 F.2d 622 (2d Cir.1988) (failure to follow federal procurement regulations); *Jayvee Brand, Inc. v. United States,* 721 F.2d 385 (D.C.Cir.1983) (failure to follow statutory procedures in promulgating regulations on children's sleepwear).

## II.

The Government also seeks to reargue the earlier finding that the exemption in § 2680(c)[1] does not cover DEA's failure to provide notice of forfeiture.

The Government cites no new authority in this Circuit, but relies on *Solus Ocean Systems, Inc. v. United States Customs Service,* 777 F.2d 326 (5th Cir.1985). The *Solus* Court held that § 2680(c) barred a claim against the Customs Service for failure to provide notice before sale of detained goods. The Court noted: "We realize that this holding implies there is no private judicial remedy for Customs' failure to follow its own regulations in this respect." *Id.* at 328.

■ Although *Solus* is squarely on point, it is, of course, not binding on us and the matter has not been decided in this Circuit.[2]

The *Solus* Court construed the § 2680(c) exemption broadly, relying on *Kosak v. United States,* 465 U.S. 848, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984), a case involving the negligent handling of an art collection while under the detention of the Customs Service. In considering the parameters of § 2680(c), the *Kosak* Court neither addressed nor contemplated a claim of negligent failure to notify. However, it is true that the Court adopted a broad interpretation of the § 2680(c) exemption based on three Congressional objectives which it found to be the purposes of the statute: (1) ensuring that certain governmental activities not be disrupted by the threat of damage suits; (2) avoiding exposure of the United States to liability for excessive or fraudulent claims; and (3) not extending the coverage of the FTCA to suits for which adequate remedies were already available. 465 U.S. at 858, 104 S.Ct. at 1525–26. In the case at hand which is based solely on alleged negligent failure to provide notice, those legislative purposes are not adversely affected and *Kosak* does not necessarily compel the result which occurred in *Solus.*

■ First, important governmental activities will not be disrupted by permitting suits for defective notice or insufficient notice. Indeed, the Supreme Court has recently emphasized that proper notice in the case of forfeiture of property is not only required by statute but is mandated by the Due Process Clause of the Fifth Amendment. *United States v. Good,* —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). Second, while excessive or fraudulent claims may clearly flow from instances in which detained property is damaged, they are much less likely to arise from cases such as the one at hand which merely claims a lack of notice—a claim which can be established on the record. Third,

---

1. 28 U.S.C. § 2680(c) exempts "Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officer."

2. In *United States v. One Douglas A–26B Aircraft,* 662 F.2d 1372 (11th Cir.1981), the Eleventh Circuit stated that a claim for unconstitutional forfeiture may be brought under either the Tucker Act, 28 U.S.C. § 1346(a) or the Federal Tort

Claims Act. The Tucker Act confers jurisdiction on the district courts to hear actions against the United States not sounding in tort. Because the plaintiff in that case alleged damage to the detained property, a claim which the appeals court found to be barred by FTCA's § 2680(c) exemption, the case was adjudicated as a Tucker Act claim under a "breach of implied bailment" theory. *Id.* at 1376.

there is no other judicial remedy for claims of negligence by government employees in providing notice in forfeiture cases. In *Kosak*, the Court was satisfied that a property owner claiming damage to goods had a right to bring suit at common law against individual customs officials for negligence. 465 U.S. at 860, 104 S.Ct. at 1526–27. Here, even the *Solus* court recognized that "there is no private judicial remedy" for a claim of negligent failure to provide notice. 777 F.2d at 328.

In light of these considerations, I conclude that a better reading of *Kosak*, one that is not at odds with the Court's recent pronouncement on the importance of notice in *United States v. Good*, is that the § 2680(c) exemption does not bar a claim based on the Government's negligent failure to provide notice before forfeiture.

### III.

■ The Government's last argument is that Perez's FTCA claim is barred for failure to present her claim to the DEA as required by 28 U.S.C. § 2675(a). The Government contends that Perez's administrative claim for return of property was based solely on the "innocent owner" defense and not the defective notice issue and that, therefore, she must present the defective notice claim to the agency before she can proceed with an FTCA action.

The Government cites *Rise v. United States*, 630 F.2d 1068 (2d Cir.1980), for this proposition. The Court of Appeals in *Rise* held that "if the Government's investigation of [plaintiff's] claim should have revealed theories of liability other than those specifically enumerated therein, those theories can properly be considered part of the claim." *Id.* at 1071. Because the DEA's investigation into the timeliness of Perez's administrative claim necessarily had to determine when notice was given, the defective notice issue is properly raised.

The Government's motion for reargument is denied. It is so ordered.