■ FRESH DIRECT, LLC, Respondent, v BLUE MARTINI SOFTWARE, INC., Appellant. [776 NYS2d 301]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Queens County (Glover, J.), dated March 24, 2003, as denied those branches of its motion pursuant to CPLR

3211 (a) (7) which were to dismiss the causes of action based on breach of express warranty, negligent misrepresentation, and fraud.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff purchased computer software and related services from the defendant pursuant to a software license and services agreement (hereinafter the contract). The plaintiff commenced this action after the software allegedly failed to perform as promised. The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint. The Supreme Court, inter alia, denied those branches of the motion which were to dismiss the causes of action based on breach of express warranty, negligent misrepresentation, and fraud. In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), the facts alleged in the complaint must be accepted as true, the plaintiff must be accorded the benefit of every possible favorable inference, and the only determination is whether the facts fit within any cognizable legal theory (*see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]).

The Supreme Court properly denied that branch of the defendant's motion which was to dismiss the cause of action based on breach of express warranty. The defendant contends that the plaintiff failed to provide timely notice of a breach of warranty. Under California law, which the parties agreed applies to this cause of action, where a tender of goods has been made, the purchaser must notify the seller of a breach within "a reasonable time" after the breach is or should have been discovered (Cal Commercial Code § 2607 [3] [A]), and the parties may, by agreement, fix a time that is "not manifestly unreasonable" for the purchaser to notify the seller of a breach (Cal Commercial Code § 1204 [1]).

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]). Whether a notice of breach was provided within a reasonable time depends on the particular facts of the case (*see Fieldstone Co. v Briggs Plumbing Prods.*, 54 Cal App 4th 357, 62 Cal Rptr 2d 701 [1997]; *Whitfield v Jessup*, 31 Cal 2d 826, 193 P2d 1 [1948]; *Eastern Air Lines v McDonnell Douglas Corp.*, 532 F2d 957 [1976]). The complaint, together with the affidavits submitted by the plaintiff, established that the plaintiff has a cognizable cause of action based on breach of express warranty.

The Supreme Court also properly denied that branch of the

defendant's motion which was to dismiss the cause of action based on negligent misrepresentation. A cause of action based on negligent misrepresentation requires proof that a defendant had a duty to use reasonable care to impart correct information due to a special relationship existing between the parties, that the information was false, and that a plaintiff reasonably relied on the information (see *Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792 [2002]; *Grammer v Turits*, 271 AD2d 644 [2000]). In the commercial context, "liability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified" (*Kimmell v Schaefer*, 89 NY2d 257, 263 [1996]).

Here, the allegations in the complaint concerning the defendant's involvement in assessing the plaintiff's software needs for several months before the contract was entered into, together with the plaintiff's reliance on the defendant's expertise, were sufficient to plead the existence of the special relationship necessary to sustain this cause of action (see *Kimmell v Schaefer, supra; Fleet Bank v Pine Knoll Corp., supra; cf. Atkins Nutritionals v Ernst & Young*, 301 AD2d 547 [2003]). Furthermore, the plaintiff alleged facts demonstrating that the defendant made false representations regarding matters which were extraneous to the contract itself (see *Alamo Contr. Bldrs. v CTF Hotel Co.*, 242 AD2d 643 [1997]) and that it justifiably relied on those representations.

Finally, the plaintiff adequately pleaded a cause of action based on fraud by alleging that the defendant made false representations regarding the manufacture of its software and the manner in which the software performed for the defendant's other customers, and that these false representations induced the plaintiff to enter into the contract (see *WIT Holding Corp. v Klein*, 282 AD2d 527 [2001]; *RKB Enters. v Ernst & Young*, 182 AD2d 971 [1992]; *Accusystems, Inc. v Honeywell Info. Sys.*, 580 F Supp 474 [1984]). Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.