10-3289-cv (L)
Air China, Ltd. v. Kopf, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of April, two thousand twelve.

PRESENT:

> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*[*]

_____

Air China, Limited,

> *Plaintiff-Appellant-Cross-Appellee*,

-v.-

No. 10-3289-cv(L),
10-3571-cv(XAP)

Jay Kopf, AKA Jacob M. Kopf, Nelson Li, George F. Donohue,
John A. Varacchi, AKA "Davis" John A. Davis,
JMK Construction Group, Ltd., DBA WBM
International Development,

10-3577-cv(XAP)
10-3730-cv(XAP)
10-4128-cv(XAP)
10-4166-cv(XAP)
10-4226-cv(XAP)

> *Defendants-Counter-Claimants-*
> *Appellees-Cross-Appellants,*

_____

[*] The Honorable Roger J. Miner, originally a member of the panel, died on February 18, 2012. The two remaining members of the panel, who are in agreement, have determined the matter. See 28 U.S.C. § 46(d) (2006); 2d Cir. IOP E(b); United States v. Desimone, 140 F.3d 457, 458–59 (2d Cir. 1998).

GMAC Real Estate IPG New York,

> *Defendant-Counter-Claimant-Appellee,*

WBM-JMK Development L.L.C.,

> *Defendant-Counter-Claimant-Counter-Defendant-Appellee-Cross-Appellant,*

Christian M. Deutsch, TCC Interiors, Ltd.,
GMAC Real Estate L.L.C.,

> *Defendants-Counter-Claimants.*[**]

---

| | |
|---|---|
| For Defendant-Counter-Claimant-Counter-Defendant-Appellee-Cross-Appellant WBM-JMK Development L.L.C. dba WBM International Development | DOUGLAS GROSS, Hofheimer Gartlir & Gross, New York, New York |
| For Defendant-Appellee-Cross-Appellant Jay Kopf aka Jacob M. Kopf | CHARLES FASTENBERG, Duane Morris LLP, New York, New York |
| For Defendant-Counter-Claimant-Appellee-Cross Appellant John A. Varacchi aka "Davis" John A. Davis | Steven B. Horowitz, Ravin Greenberg, LLC, Roseland, New Jersey |
| For Defendant-Counter-Claimant-Appellee-Cross-Appellant JMK Construction Group, Ltd. | Eric C. Zabicki, Pick & Zabicki LLP, New York, New York |
| For Plaintiff-Appellant-Cross-Appellee Air China Ltd. | JACQUES X. CATAFAGO, Catafago Law Firm, PC, New York, New York |

---

[**] The Clerk of the Court is requested to amend the official caption as set forth above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, J.). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Air China Limited ("Air China") appeals from so much of the district court's judgment entered on August 10, 2010, as dismissed certain of its claims and denied discovery sanctions. Defendants Jay Kopf ("Kopf"), WBM-JMK Development L.L.C., dba WBM International Development ("WBMID"), JMK Construction Group ("JMK") and John A. Varacchi ("Varacchi") (collectively, "Defendants") cross-appeal, raising numerous arguments that essentially challenge the judgments entered against them on breach of contract, conversion, and unjust enrichment causes of action following a seventeen-day jury trial. The action was brought to recover damages allegedly sustained by Air China in connection with the construction of a residential facility for Air China employees in Queens, New York. We assume the parties' familiarity with the underlying facts and procedural history in this case.

I.      Subject Matter Jurisdiction

In an argument joined by the other Defendants in the cross-appeal, WBMID claims that there was no diversity jurisdiction in this case because Air China alleged the residence, and not the citizenship, of the individual defendants as the basis for jurisdiction. This contention is utterly meritless because federal question jurisdiction existed with respect to the RICO claim asserted against the defendants, and the court exercised supplemental jurisdiction over the state law claims. 28 U.S.C. § 1331 (2006) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

WBMID also argues that there was no federal question jurisdiction because Air China's RICO claims ultimately were dismissed and that it was therefore an abuse of discretion for the district court to have retained supplemental jurisdiction over the state law claims. The district court, however, denied the Defendants' pre-trial Rule 12(c) motion to dismiss the RICO claim, and evidence concerning that claim was presented at trial. The RICO claim anchored federal question jurisdiction, and the state law claims went forward via supplemental jurisdiction. See 28 U.S.C. § 1367 (2006) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."). Following the Phase One jury verdict, the court dismissed the RICO claim. That post-trial dismissal did not eviscerate jurisdiction over the state law claims.

This conclusion is bolstered by our decision in Kavit v. A.L. Stamm & Co., 491 F.2d 1176 (2d Cir. 1974), in which the district court denied a motion to dismiss the federal claims in the complaint and then proceeded to trial. It then dismissed the federal claims after trial and entered judgment for the plaintiff on the state claims. On appeal, we noted that we "would have reversed" the original denial of the motion to dismiss had the denial been appealed, but we nonetheless upheld the district court's retention of supplemental jurisdiction on efficiency grounds. Id. at 1182–84. Similarly, even if we were to accept the Defendants' argument that the RICO claims should have been dismissed prior to trial, this does not serve as a basis for overturning the district court's exercise of its discretion to retain supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(1)(3) (2006) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has

dismissed all claims over which it has original jurisdiction . . . ." (emphasis supplied)).  Cf. Brzak v. United Nations, 597 F.3d 107, 113–14 (2d Cir. 2010) (stating that "if a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'" (quoting Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008)) (emphasis supplied)), cert. denied, 131 S. Ct. 151 (2010).

II.     Air China's Appeal

We reject the arguments that Air China raises on its appeal.[1]  First, Air China argues that the district court erred in granting the Defendants' Rule 50 motion to dismiss Air China's negligent misrepresentation claim.  Air China insists that the issue of a special relationship should not have been resolved as a matter of law and that, because of the "parties' relationship of trust," it had a right to rely on the information supplied by Donohue, Li, and Kopf, which gave rise to the claim.  We disagree.

We review a district court's adjudication of a motion for judgment as a matter of law de novo, see Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 94 (2d Cir. 1999), applying the same standards as the district court, see Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 289 (2d Cir. 1998).  To prevail on a negligent misrepresentation claim under New York law, a plaintiff must show "that a defendant had a duty to use reasonable care to impart correct information due to a special relationship existing between the parties"; "the information was false"; and "plaintiff reasonably relied on the information."  Fresh Direct, LLC v. Blue

---

[1]  Air China has abandoned its claim that the District Court abused its discretion when it denied Air China's motion for discovery sanctions against GMAC LLC.  Air China states in its responsive brief that it "has resolved its appeal against GMAC Real Estate LLC [and] GMAC IPG."

Martini Software, Inc., 776 N.Y.S.2d 301, 302 (2d Dep't 2004). "In the commercial context, 'liability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified.'" Id. (quoting Kimmell v. Schaefer, 89 N.Y.2d 257, 263 (1996)).

We conclude that the District Court properly dismissed Air China's negligent misrepresentation claim. Air China failed to establish that there was a "special relationship" between the parties giving rise to a duty. Moreover, under New York law contractual relationships generally do not support a negligent misrepresentation claim. See JP Morgan Chase Bank v. Winnick, 350 F. Supp. 2d 393, 400 (S.D.N.Y. 2004).

III.   Defendants' Cross-Appeals

A.   Breach of Contract Verdict as to WBMID

As to the jury's verdict finding WBMID liable for breach of contract, we reject WBMID's argument that it should not have to pay the $728,000 in damages awarded on the breach of contract claim. Notwithstanding Air China's election to proceed on its breach of contract theory at trial, we find no error in the District Court's nullification of the limitations on damages provisions in the Contract because of the jury's finding of fraudulent inducement at Phase One of the trial and because the defendants' conduct, at least in part, "smacks of intentional wrongdoing" and amounted to egregious intentional misbehavior. Kalisch-Jarcho, Inc. v. City of N. Y., 461 N.Y.S.2d 746, 750 (1983) (holding that contractual limitations on liability are unenforceable when "the misconduct for which [the provision] would grant immunity smacks of intentional wrongdoing").

We also conclude that WBMID actually acceded to the District Court's approach concerning the limitation of liability clause when it stated to the District Court that "[a]ccording to case law, once Air China has accepted the contract, all terms therein govern. Only the limited liability or full liability clauses are null and void."

B.      The Conversion and Unjust Enrichment Verdicts

The District Court's charge to the jury instructed that conversion and unjust enrichment could be found — in addition to a breach of contract claim against WBMID — if a Defendant intentionally took Air China funds and exercised a right of ownership over them for a purpose contrary to the contract. The Defendants maintain that the instructions ultimately given to the jury identified the money received from Air China as the converted funds and that these instructions were "adopted and given over the objection of Kopf's trial counsel at the charge conference."

We review de novo a claim of error with respect to jury instructions, reversing "where, viewing the charge as a whole, there was a prejudicial error." United States v. Quattrone, 441 F.3d 153, 177 (2d Cir. 2006) (internal quotation marks omitted). Viewing the instructions "as a whole," a new trial will not be granted unless a jury instruction "misleads the jury as to the correct legal standard" or does not "adequately inform the jury on the law" and the error is not harmless. Id.

New York's "election of remedies" statute provides that

> [w]here causes of action exist against several persons for the conversion of property and upon express or implied contract, the commencement or maintenance of an action against one, or the recovery against one of a judgment which is unsatisfied, either for the conversion or upon the contract, shall not be deemed an election of remedies which bars an action against the others either for the conversion or upon the contract.

N.Y. C.P.L.R. § 3002(c) (McKinney 2010).

Accordingly, Air China was not prohibited from asserting both a breach of contract claim as to WBMID and conversion and unjust enrichment claims against the defendants other than WBMID. Moreover, New York law supports the view that where money is turned over by a plaintiff to a corporate defendant to be used for a specific purpose for the benefit of the plaintiff, but is not used for that purpose, an action for conversion may be maintained against the "converters." See Ingram v. Machel & Jr. Auto Repair, 538 N.Y.S.2d 539, 541 (1st Dep't 1989) ("Officers and agents of corporations are personally liable for their own acts which bring about a conversion of a third party's property, and it is no defense to personal liability that the officer or agent may have been acting on behalf of a corporate principal (citing Hinkle Iron Co. v. Kohn, 128 N.E. 113 (N.Y. 1920); Prudential-Bache Secs., Inc. v. Golden Larch-Sequoia, Inc., 500 N.Y.S.2d 1 (1st Dep't 1986))); see also Jami Marketing Servs., Inc. v. Howard, No. 86-cv-3352, 1988 WL 46106 (E.D.N.Y. Apr. 26, 1988).

The jury's verdict in this case included express findings that (1) the compensatory damages for WBMID's breach of contract; (2) any damages (none were found) for fraudulent inducement of contract; (3) the damages for unjust enrichment; and (4) the damages for conversion were all independent and mutually exclusive of each other. Moreover, the jury's findings on the special verdict form expressly stated that there was no overlap of damages. Indeed, a "reviewing court must adopt a view of the case, if there is one, that resolves any seeming inconsistency." Harris v. Niagara Mohawk Power Corp., 252 F.3d 592, 598 (2d Cir. 2001) (internal quotation marks omitted). Here, a consistent view of the verdicts is available, as Air China alleged sufficient damages in both categories — conversion and breach of contract — to allow the jury's award not to overlap.

Accordingly, we affirm the jury's verdict as to the conversion and unjust enrichment claims.[2]

C.    The Motion for a New Trial

We reject Kopf's challenges (joined in by the other Defendants) to the District Court's denial of their post-verdict motions pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure.[3]

We review the denial of a Rule 59 motion for abuse of discretion. India.com, Inc. v. Dalal, 412 F.3d 315, 320 (2d Cir. 2005). "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc., 290 F.3d 98, 106 (2d Cir. 2002) (internal quotation marks omitted).

Kopf claims that he should have been granted a new trial based upon "extreme inflammatory remarks directed against him" by Air China's counsel during the closing to the jury, such as "[T]his man is a disgrace. . . ," a "schmuck," a "scam artist" and "con man" who had a "fundamental dishonesty." Rarely will an attorney's conduct so infect a trial with undue prejudice or passion as to require reversal. See Matthews v. GTI Container Transport

---

[2] On appeal, certain defendants attack the conversion judgment as based on insufficient evidence. Since this challenge was not raised in the District Court, we do not consider it here. In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132 (2d Cir. 2008).

[3] To the extent that appellees challenge the District Court's denial of their post-verdict motion made pursuant to Rule 50(a)(2), the District Court properly denied that motion because a Rule 50(a) "motion for judgment as a matter of law may be made at any time before the case is submitted to the jury," and, here, appellees' post-verdict motion under Rules 50 and 59 was not made prior to the verdict. We agree with the District Court that the "[d]efendants [were] precluded from seeking post-verdict Rule 50 relief."

International Inc., 871 F.2d 270, 278 (2d Cir. 1989). Isolated comments in the context of an otherwise proper summation do not warrant a new trial where, as here, the jury had the benefit of the court's instructions that counsel's statements do not constitute evidence. See Anastasie v. Schering Corp., 838 F.2d 701, 706 (3d Cir. 1988).

Here, Kopf did not object to the supposedly egregious characterizations when they were made and thus "offered the district judge no timely opportunity to cure the alleged overzealousness of [Air China's] attorney." Matthews, 871 F.2d at 278. The District Court did not abuse its discretion in refusing to grant a new trial on the basis of counsel's remarks. Moreover, Air China's counsel also emphasized to the jury that nothing he said was evidence.

Finally, to the extent that the appellees argue that the court erred in denying their motion for a new trial based upon the adequacy of the evidence considered by the jury, we reject this argument. The jury was presented with overwhelming documentary and testimonial evidence and rendered a reasoned verdict based on that evidence after 17 days of trial and more than 7 hours of deliberation. We disturb a jury verdict only if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture. Stratton v. Department for the Aging, 132 F.3d 869, 878 (2d Cir. 1997). That is not the case here.

Moreover, to the extent WBMID and Defendants argue that Air China should have put forward expert testimony to prove the reasonableness of its compensatory damages because bills alone cannot establish "the fair and reasonable market price for the additional construction work needed" post-breach, the Contract expressly states that once Air China terminates the Contract for cause, which is what occurred here, "the liability of the Contractor hereunder shall extend to

-10-

and include the full amount of Costs incurred and obligations assumed by the Owner in good faith under the reasonable belief that such Costs or obligations were necessary or required, whether actually necessary or required or not . . . in protecting and completing the Work." (emphasis supplied). The foregoing clause obviates the need for expert testimony to prove that the expenditures were necessary.

* * * *

We have reviewed and considered the parties' other arguments and find them to be without merit.

Accordingly, for the reasons stated, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk