*971 The plaintiff hired the defendant G.M.G. Trans West Corp. (hereinafter GMG) to transport, from New York to California, certain over-the-counter pharmaceuticals manufactured by the plaintiff. The complaint alleged that, once GMG took possession of the pharmaceuticals, it demanded payment for amounts allegedly owed to it by the plaintiff. When the plaintiff refused to pay, GMG refused to transport the pharmaceuticals and stored them in an undisclosed warehouse. The plaintiff demanded that GMG either deliver the pharmaceuticals to California or return them to the plaintiff, but GMG did not comply with the plaintiffs demand.
The plaintiff commenced this action asserting one cause of action against GMG, two of its principals, Edward Giza and John Coviello, and its attorney, Ronald Horowitz. The plaintiff effected service upon GMG, Edmund Giza, and John Coviello. However, the plaintiff failed to complete service with respect to Ronald Horowitz.
GMG, Giza, and Coviello failed to timely appear or answer the complaint. The plaintiff interposed an application for leave to enter judgment against those defendants on the issue of liability, upon their defaults in appearing or answering. The defendants cross-moved to vacate the defaults of GMG, Giza, and Coviello, to extend their time to appear and answer pursuant to CPLR 2004 and 3012 (d), and to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against the individual defendants. The defendants also, inter alia, cross-moved to dismiss the complaint insofar as asserted against Horowitz pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction. Thereafter, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Horowitz.
The Supreme Court denied the plaintiffs application for leave to enter a default judgment against GMG, Giza, and Coviello, *972 and granted that branch of the defendants’ cross motion which was to vacate their defaults. The Supreme Court also granted that branch of the defendants’ cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against the individual defendants. Furthermore, the Supreme Court denied, as academic, the plaintiffs motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Horowitz and denied that branch of the defendants’ cross motion which was to dismiss the complaint insofar as asserted against the defendant Ronald Horowitz pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction.
The defaults of GMG, Giza, and Coviello in appearing or answering the complaint were properly excused given the lack of any prejudice to the plaintiff resulting from the short two-week delay, the lack of willfulness on the part of these defendants who defaulted in appearing, the existence of potentially meritorious defenses, and the public policy favoring the resolution of cases on the merits (see Zeccola & Selinger, LLC v Horowitz, 88 AD3d 992, 993 [2011]; Feder v Eline Capital Corp., 80 AD3d 554, 555 [2011]; Stuart v Kushner, 39 AD3d 535, 536 [2007]; Schonfeld v Blue & White Food Prods. Corp., 29 AD3d 673, 674 [2006]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs application for leave to enter judgment against these defendants on the issue of liability, upon their defaults in appearing or answering, and in granting those branches of the defendants’ cross motion which were to vacate the defaults of those defendants in appearing or answering the complaint and to extend their time to appear and answer (see CPLR 2004, 3012 [d]).
However, the Supreme Court erred in granting that branch of the defendants’ cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against the individual defendants. “A party may move for judgment dismissing one or more causes of action asserted against [it] on the ground that . . . the pleading fails to state a cause of action” (CPLR 3211 [a] [7]). “When assessing the adequacy of a complaint in light of a CPLR 3211 (a) (7) motion to dismiss, the court must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide plaintiff . . . ‘the benefit of every possible favorable inference’ ” (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005], quoting Leon v Martinez, 84 NY2d 83, 87 [1994]). “Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss” (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 *973 [2005]). Rather, a court must “determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d at 87-88; see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]).
Here, the complaint alleges a single cause of action to recover damages for conversion against each of the individual defendants. “Conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner’s rights” (State of New York v Seventh Regiment Fund, 98 NY2d 249, 259 [2002] [internal quotation marks omitted]). “[T]o establish a cause of action in conversion, the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question ... to the exclusion of the plaintiffs rights” (Batsidis v Batsidis, 9 AD3d 342, 343 [2004] [internal quotation marks omitted]; see Castaldi v 39 Winfield Assoc., 30 AD3d 458, 458 [2006]).
“A corporate officer may be liable for torts committed by or for the benefit of the corporation if the officer participated in their commission” (Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp., 64 AD3d 85, 116 [2009]; see Aguirre v Paul, 54 AD3d 302, 304 [2008]; Retropolis, Inc. v 14th St. Dev. LLC, 17 AD3d 209, 211 [2005]; Greenway Plaza Off. Park-1 v Metro Constr. Servs., 4 AD3d 328, 329-330 [2004]). Accordingly, “[a]n individual, even though acting for a corporation of which he is an officer, may be held liable for conversion” (Melnick v Sable, 11 AD2d 1075, 1075 [1960]; see Hinkle Iron Co. v Kohn, 229 NY 179, 184 [1920]; Goldstein v Guida, 74 AD3d 1143, 1144 [2010]; Ingram v Machel & Jr. Auto Repair, 148 AD2d 324, 325 [1989]; Prudential-Bache Sec. v Golden Larch-Sequoia, 118 AD2d 487, 488 [1986]; McCrea v McClenahan, 131 App Div 247, 248 [1909]; see also 14A NY Jur 2d, Business Relationships § 777).
However, “[a] director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character” (Greenway Plaza Off. Park-1 v Metro Constr. Servs., 4 AD3d at 329 [internal quotation marks omitted]). Accordingly, “a corporate officer or agent is not liable for acts of conversion attributable to the corporation if he did not participate in and was not connected with the acts in any manner” (14A NY Jur 2d, Business Relationships § 777; see Hinkle Iron Co. v Kohn, 229 NY at 184; Aguirre v Paul, 54 AD3d at 304; cf. Messiah’s Covenant Community Church v Weinbaum, 74 AD3d 916, 919 [2010]; Shimamoto v S&F Warehouses, 257 AD2d 334, 340 [1999], mod 99 NY2d 165 [2002]).
*974 Here, affording the pleadings a liberal construction, accepting the allegations of the complaint as true, and providing the plaintiff with the benefit of every possible favorable inference, the complaint adequately alleges that the individual defendants personally participated in the allegedly wrongful withholding of the pharmaceuticals. Accordingly, the complaint states a cause of action against the individual defendants to recover damages for conversion (see Hinkle Iron Co. v Kohn, 229 NY at 184; Ingram v Machel & Jr. Auto Repair, 148 AD2d at 325; Prudential-Bache Sec. v Golden Larch-Sequoia, 118 AD2d at 488; McCrea v McClenahan, 131 App Div at 248; see also Goldstein v Guida, 74 AD3d at 1144).
In light of its conclusion that dismissal was warranted because the complaint failed to state a cause of action insofar as asserted against the individual defendants, the Supreme Court denied, as academic, the plaintiffs motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Horowitz, and denied that branch of the defendants’ cross motion which was to dismiss the complaint insofar as asserted against Horowitz pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction. Thus, Horowitz, having obtained dismissal of the complaint insofar as asserted against him, was precluded from appealing those portions of the order which denied that branch of the defendants’ cross motion which was to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 548 [1983]). Since the plaintiff contends that the Supreme Court should have granted its motion to extend the time to serve Horowitz, and the defendants contend that the complaint should have been dismissed insofar as asserted against Horowitz for lack of personal jurisdiction, and since these issues have been briefed on appeal, we address the defendants’ alternative contention (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d at 548; Matter of Chiantella v Vishnick, 84 AD3d 797, 798 [2011]; Norwalk v J.P. Morgan & Co., 268 AD2d 413, 415-416 [2000]).
“Service of the summons and complaint . . . shall be made within one hundred twenty days after the commencement of the action or proceeding” (CPLR 306-b). “If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service” (id.).
Here, it is undisputed that Horowitz was not timely served. The plaintiff failed to demonstrate good cause for its failure to
*975 timely serve Horowitz, or that an extension of time to serve him with the summons and complaint was warranted in the interest of justice (see CPLR 306-b; Khodeeva v Chi Chung Yip, 84 AD3d 1030, 1031 [2011]; Calloway v Wells, 79 AD3d 786, 786-787 [2010]). Accordingly, that branch of the defendants’ cross motion which was to dismiss the complaint insofar as asserted against Horowitz for lack of personal jurisdiction should have been granted, and the plaintiff’s motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Horowitz should have been denied on the merits (see CPLR 3211 [a] [8]; Alexander v Alexander, 32 AD3d 524, 524-525 [2006]; Colon v Bailey, 26 AD3d 454, 455 [2006]).
The parties’ remaining contentions either are without merit or need not be addressed in light of the foregoing. Florio, J.P., Balkin, Lott and Miller, JJ., concur.