Bisley, Inc. v Meadows Off. Supply Co., Inc. (2021 NY Slip Op 06748)





Bisley, Inc. v Meadows Off. Supply Co., Inc.


2021 NY Slip Op 06748


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Gische, J.P., Kapnick, Kern, Gesmer, Kennedy, JJ. 


Index No. 654953/20 Appeal No. 14745-14745A Case No. 2021-00032 2021-00216 

[*1]Bisley, Inc., Plaintiff-Appellant,
v
Meadows Office Supply Co., Inc., Defendants, Marissa Allen et al., Defendants-Respondents.


Offit Kurman, Attorneys at Law, New York (Albena Petrakov of counsel), for appellant.
Olenderfeldman LLP, New York (Sean Rose of counsel), for respondents.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered December 11, 2020, dismissing plaintiff's claim for conversion as asserted against the individual defendants, unanimously reversed, on the law, without costs, and the claim reinstated. Appeal from order, same court and Justice, entered on or about November 30, 2020, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff furniture distributor adequately stated a claim for conversion against the individual defendants, the owners of corporate defendant Meadows, which was hired to manage the acquisition and installation of office furniture to an institutional customer. Plaintiff alleged that the institutional buyer of plaintiff's furniture sent monies related to its purchase to defendants, as agents/intermediaries; that defendants were instructed to earmark and use those monies to pay down the buyer's outstanding balance owed to plaintiff; and that defendants confirmed and accepted the instructions to treat the funds in that manner. However, rather than segregating and then remitting those funds to plaintiff, the individual defendants exercised dominion over the funds, property to which plaintiff had a possessory right or interest, for the purpose of repaying other corporate debts they had guaranteed in their individual capacities. An action for conversion is stated, where, as here, the subject of the action consists of money that is specifically identifiable and is subject to an obligation to be treated in a particular manner (see Key Bank of N.Y. v Grossi , 227 AD2d 841 [3d Dept 1996][conversion claim, separate and apart from a breach of contract claim, adequately asserted against a party who agreed to store and sell another's physical property and who was required to deposit the sale proceeds in a segregated account and then transfer the proceeds to the former owner], 2A NY PJI3d 3:10 at 122).
It is undisputed that New York law allows recourse against company officers who directly participated in the company's tort of conversion of a third party's property, even when acting on behalf of, or in concert with, the company (see Ingram v Machel & Jr. Auto Repair , 148 AD2d 324 [1st Dept 1989], appeal dismissed 74 NY2d 792 [1989]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021