■ Richard Kennedy, Respondent, v New York City Health and Hospitals Corporation et al., Appellants.

[751 NYS2d 728] —Order, Supreme Court, Bronx County (George Friedman, J.), entered May 8, 2001, which set aside the verdict as against the weight of the evidence, found defendants liable as a matter of law and ordered a new trial on the issues of apportionment of liability and damages, unanimously reversed, on the law and the facts, without costs, and the jury verdict reinstated.

The trial court relied on an incorrect standard in setting aside the verdict as against the weight of the evidence. Instead of determining whether the jury could " 'have reached their conclusion upon any fair interpretation of the evidence' " (*Bernstein v Red Apple Supermarkets*, 227 AD2d 264, 265 [citations omitted], *lv dismissed* 89 NY2d 961; *Revill v Boston Post Rd. Dev. Corp.*, 293 AD2d 138, 142, *appeal dismissed* 98 NY2d 725; *Jamal v New York City Health & Hosps. Corp.*, 280 AD2d 421, 422), the trial court determined that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499), the standard for determining the sufficiency of the evidence. The jury's verdict, i.e., that the ambulance, with lights and sirens on, was responding to a police call and that there was no recklessness, clearly rested within a fair interpretation of the evidence presented at trial.

Moreover, it was error for the court to find that the purported reckless conduct was the proximate cause of plaintiff's injuries as a matter of law. Assuming that the conduct was reckless, "[t]he issue of whether a defendant's negligence was a proximate cause of an accident is separate and distinct from the negligence determination" (*Ohdan v City of New York*, 268 AD2d 86, 89, *lv denied* 95 NY2d 769). The evidence at trial raised a question of fact as to whether the conduct of the ambulance driver, plaintiff or both was the primary cause of plaintiff's injuries. Concur—Williams, P.J., Nardelli, Ellerin, Rubin and Marlow, JJ.