Benjamin Sanchez, Also Known as Gerard Sanchez, Respondent-Appellant, v Project Adventure, Inc., Appellant-Respondent and Third-Party Plaintiff-Appellant. Bedford Central School District, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [785 NYS2d 46]—

Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), entered on or about February 6, 2004, which, upon a jury verdict, as reduced, awarded plaintiff damages, unanimously affirmed, without costs.

The then-15-year-old plaintiff, while on a school field trip to a challenge course located at a facility operated by third-party defendant Bedford Central School District (Bedford), was standing

in line for an elevated "zip wire" ride, when the bungee cord used as a braking device on the "zip wire" snapped and hit his right eye. The injury produced by the impact of the bungee cord caused plaintiff to go blind in that eye. The "zip wire" had been designed and inspected by defendant, which conceded liability for the accident, but, citing evidence that the bungee cord used on the "zip wire" had been replaced before the accident by a Bedford employee, contended that Bedford was principally responsible for plaintiff's harm. The jury, however, found that although Bedford had been negligent, its negligence was not a substantial cause of plaintiff's harm. Defendant urges that this finding was contrary to the weight of the evidence. We disagree. The evidence fairly interpreted (*see Kennedy v New York City Health & Hosps. Corp.*, 300 AD2d 146, 147 [2002]) permitted the jury to conclude that while Bedford had been negligent in utilizing a replacement bungee cord that was too short, this negligence merely echoed a design defect for which defendant was responsible, and thus did not appreciably augment the injury-producing risk.

The damage award, as reduced, did not deviate materially from what is reasonable compensation (*see* CPLR 5501 [c]) under the circumstances. Concur—Nardelli, J.P., Mazzarelli, Lerner, Friedman and Marlow, JJ.