■ GENERALE BANK, Appellant-Respondent, v BELL SECURITY, INC., Respondent-Appellant. [803 NYS2d 2]—

Judgment, Supreme Court, New York County (Walter J. Relihan, J.), entered March 29, 2005, which, after a jury trial, awarded plaintiff damages in the principal sum of $450,749, plus $420,044 in interest and costs, unanimously affirmed, with costs in favor of plaintiff payable by defendant.

The issue of the court's instruction on the proper measure of damages is not preserved. In any event, the damage award was not against the weight of the evidence since it rested on a fair interpretation of the evidence at trial (*see McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]; *Kennedy v New York City Health & Hosps. Corp.*, 300 AD2d 146 [2002]). Given the testimony of plaintiff's assistant vice-president in the credit department, who conducted an extensive audit of the inventory prior to its removal, and given the contents of plaintiff's expert's appraisal report, it was reasonable for the jury to have based its award on planned liquidation value, rather than wholesale value.

Contrary to defendant's contention that plaintiff's expert's opinion—which set forth a retail value, a wholesale value and a planned liquidation value for the missing inventory—was based entirely on speculation, the expert's testimony set forth a detailed and systematic approach to establishing the various values for the inventory. The fact that plaintiff's expert relied to some extent on the Yellow Pages to contact auctioneers did not render her testimony inadmissible; defendant, which presented no evidence on valuation, failed to demonstrate that the use of such materials was not accepted in the field of appraisals as reliable in forming a professional opinion (*see People v Sugden*, 35 NY2d 453, 460 [1974]; *Moors v Hall*, 143 AD2d 336, 339 [1988]). Furthermore, the fact that plaintiff's expert never viewed the subject inventory is of no avail since her testimony had a sufficient factual basis (*see People v Hart*, 227 AD2d 916 [1996], *lv denied* 89 NY2d 923 [1996]; *Ley v State of New York*, 28 AD2d 943 [1967], *affd* 25 NY2d 876 [1969]).

We have accepted defendant Bell Security's reply brief. Concur—Friedman, J.P., Marlow, Gonzalez and Catterson, JJ.