■ DAMIANOS REALTY GROUP, LLC, Appellant, v MICHAEL J. FRACCHIA, Respondent, et al., Defendants. [883 NYS2d 905]—

In an action, inter alia, to recover damages for the fraudulent conveyance of assets, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Pines, J.), entered July 17, 2007, as, after a nonjury trial, is in favor of it and against the defendant Michael J. Fracchia in the principal sum of only $26,836.23.

Ordered that the judgment is modified, on the law, by deleting therefrom the sum of $26,836.23, and substituting therefor the sum of $140,195.49; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff payable by the defendant Michael J. Fracchia.

On an appeal from an order denying the plaintiff's motion for summary judgment, this Court determined that in its attempt to pierce the corporate veil and impose personal liability against the defendant Michael J. Fracchia, the plaintiff submitted evidence tending to show that Fracchia "exercised dominion over the corporation against which the plaintiff had obtained a judgment." The subject judgment was in the principal sum of $140,195.49, and was entered in a related action on January 24, 2003. However, this Court further determined that the Supreme Court properly denied the plaintiff's motion for summary judgment, as it did not establish, prima facie, that Fracchia "used such dominion and control to commit a fraud or wrong against the plaintiff which resulted in injury" (*Damianos Realty Group, LLC v Fracchia*, 35 AD3d 344, 344-345 [2006] [citing, inter alia, *Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140-141 (1993)]).

After a nonjury trial, the Supreme Court, in effect, concluded that Fracchia had committed a wrong against the plaintiff, but awarded damages in the principal sum of only $26,836.23.

Upon review of a determination rendered after a nonjury trial, this Court's authority "is as broad as that of the trial court," and this Court may "render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 133-134 [1930]; *see Candela v Byron Chem. Co., Inc.*, 54 AD3d 306 [2008]; *B. Reitman Blacktop, Inc. v Missirlian*, 52 AD3d 752, 753 [2008]).

We agree with the Supreme Court that the evidence fully supports the determination that Fracchia used his dominion over the subject corporation to commit a wrong against the plaintiff, which resulted in the plaintiff's injury. We further conclude, however, that the injury to the plaintiff was the full amount of

its uncollected judgment—that is, $140,195.49. We modify the judgment on appeal accordingly. Rivera, J.P., Miller, Carni and Eng, JJ., concur. [*See* 2007 NY Slip Op 31491(U).]