■ SHIRLEY GOLDSTEIN, Respondent, v PAUL GUIDA et al., Appellants. [904 NYS2d 117]—

In an action, inter alia, to recover damages for conversion, the defendants appeal from a judgment of the Supreme Court, Kings County (Kurtz, J.H.O.), dated July 28, 2009, which, upon a decision of the same court dated May 1, 2009, made after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $17,200.

Ordered that the judgment is affirmed, with costs.

In March 2006 the plaintiff commenced this action to recover damages for breach of an oral contract and conversion. Specifically, she alleges that in 2004, she contacted the defendant Paul Guida, the president and sole shareholder of the defendant Barth Tex Fabrics, Inc. (hereinafter Barth Tex), to reupholster six dining room chairs which were approximately 90 years old and valuable family heirlooms. According to the plaintiff, Guida arranged for a man named Edward Chifari to pick up the chairs from the plaintiff's home and deliver them to his store. After several months, the plaintiff asked Guida about the chairs and Guida denied ever having received them. After a nonjury trial, the Supreme Court found both defendants liable for conversion and awarded damages to the plaintiff in the principal sum of $17,200. We affirm.

Upon review of a determination rendered after a nonjury trial, this Court's authority "is as broad as that of the trial court," and this Court may "render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 133-134 [1930]; *see Damianos Realty Group, LLC v Fracchia*, 64 AD3d 537, 538 [2009]). Moreover, "in a nonjury trial, evaluating the credibility of the respective witnesses and determining which of the proffered items of evidence are most credible are matters committed to the trial court's sound discretion" (*Ivani v Ivani*, 303 AD2d 639, 640 [2003]). Conversion is defined as "an intentional act of domination or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the . . . full value of the chattel" (*Thyroff v Nationwide Mut. Ins. Co.*, 8 NY3d 283, 288 [2007] [internal quotation marks and citation omitted] ).

Based upon our review of the evidence, including the testimony of the plaintiff, her son, and Chifari, we find that the Supreme Court properly determined that the defendants were liable for conversion of the plaintiff's six dining room chairs (*see Lerner v Ayervais*, 66 AD3d 644 [2009]).

Contrary to the defendants' contention, the Supreme Court properly accepted the appraisal valuation of the six chairs offered by the plaintiff's expert witness, even though the expert was unable to examine the subject chairs. A value may be placed upon missing property even though the appraiser never saw the property, as long as the valuation has a substantial factual basis

(*see Generale Bank v Bell Sec., Inc.*, 21 AD3d 844, 845 [2005]). Moreover, evidence of the value of a missing item may be based upon a comparison to similar existing items (*see Friedman v Breslin,* 51 App Div 268 [1900], *affd* 169 NY 574 [1901]).

Accordingly, under the circumstances of this case, the Supreme Court properly held Guida liable for the damages incurred by the plaintiff as a result of the conversion of the chairs (*see Ingram v Machel & Jr. Auto Repair*, 148 AD2d 324, 325 [1989]). Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.