■ ALFRED THOMAS GIULIANO et al., Appellants, v STEPHEN GAWRYLEWSKI et al., Respondents. [997 NYS2d 20]—

Orders, Supreme Court, New York County (O. Peter Sherwood, J.), entered July 1, 2013 and August 2, 2013, which granted defendants' motions to dismiss the complaint, unanimously affirmed, with costs.

The court, after citing and applying the correct standard of review (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]), properly dismissed the breach of fiduciary duty claims against defendants Denise F. Ungar Stern and Rita L. Ungar Moser (collectively the defendant wives), directors of NEC Holdings Corp. (NEC), due to plaintiffs' failure to rebut the presumptions of loyalty, prudence and good faith under the business judgment rule (*see Aronson v Lewis*, 473 A2d 805, 812 [Del 1984], *overruled on other grounds Brehm v Eisner*, 746 A2d 244 [Del 2000]). In particular, plaintiffs failed to allege facts that support a finding of interest or lack of independence by a majority of the board members of NEC (*Orman v Cullman*, 794 A2d 5, 24-25 [Del Ch 2002]). While there was no formal vote regarding the high-yield bond alternative to NEC's seeking of capital through an equity sale, plaintiffs challenge the board's "decision" refusing to pursue the high-yield alternative. The complaint alleges, without elaborating, that the defendant wives were interested directors because their husbands, defendants Leslie F. Stern and Nathan F. Moser (collectively the defendant husbands), were "affiliated" with two potential equity investors. These allegations, without more, do not suffice to state a claim that there was any disabling interest of either of the defendant wives (*see Orman*, 794 A2d at 25 n 50). Indeed, the complaint fails to allege with requisite particularity (CPLR 3016 [b]) how the defendant wives were interested in pursuing equity offerings from potential bidders while forgoing the proposal of their sister, plaintiff Joan Levy, that NEC issue high-yield bonds, a debt offering, to alleviate its financial troubles. Moreover, there are no allegations that any such interest, even if it could be imputed to the defendant wives through their husbands, would override the defendant wives' financial interest in saving NEC, as they, like plaintiff Levy, each had a beneficial ownership of 25% of NEC's equity.

The court also correctly concluded that *Revlon* duties—to seek the best available price for the sale of a company—do not apply here (*see Revlon, Inc. v MacAndrews & Forbes Holdings*,

*Inc.*, 506 A2d 173, 182 [Del 1986]). "[T]he special considerations present when *Revlon* duties are triggered are not present" in cases where, as here, "no change in corporate control is implicated" (*Wells Fargo & Co. v First Interstate Bancorp.*, 1996 WL 32169, *4, 1996 Del Ch LEXIS 3, *14 [Jan. 18, 1996, Nos. Civ-A-14696, 14623]). Indeed, plaintiffs repeatedly maintain that their proposed high-yield alternative would have averted a change of control of the company. Plaintiffs' argument that *Revlon* duties should nevertheless apply to the board's decision whether to pursue the high-yield alternative or to solicit equity bidders, as the latter would result in a change in control, is unavailing. Consideration of, or refusal to consider, the high-yield alternative does not warrant invocation of the *Revlon* duties, nor would it further the purpose behind those duties—namely, to protect the financial interests of shareholders during the sale of a company (*Revlon*, 506 A2d at 182).

Given plaintiffs' failure to allege any breach of fiduciary duty against the defendant wives, the trial court properly dismissed the aiding and abetting claim against the defendant husbands (*see In re Jevic Holding Corp.*, 2011 WL 4345204, *13, 2011 Bankr LEXIS 3553, *43 [D Del, Sept. 15, 2011, No. 08-11006 (BLS)]). As plaintiffs appear to concede on appeal, there also is no viable aiding and abetting claim against the defendant wives, as they are fiduciaries and such a claim may only be alleged against nonfidiciaries (*see id.*).

The court correctly dismissed the causes of action for breach of fiduciary duty and negligence against defendant Stephen Gawrylewski, the Chief Restructuring Officer of NEC and an employee of defendant Loughlin Management Partners + Co (LM). Plaintiffs failed to adequately allege any causal connection between Gawrylewski's alleged refusal to pursue the high-yield alternative and any alleged damages (*see Laub v Faessel*, 297 AD2d 28 [1st Dept 2002]). Indeed, there were numerous uncertainties surrounding the high-yield alternative, having nothing to do with Gawrylewski's or any other defendants' conduct. Further, given the uncertainties, plaintiffs' reliance on projections, in support of their argument that the issuance of high-yield bonds would have averted their losses, is insufficient to articulate damages (*see Kenford Co. v County of Erie*, 67 NY2d 257, 262 [1986]). As there is no viable claim against Gawrylewski, none exists against his employer, LM.

The court correctly dismissed plaintiff Joan Levy's direct claims on the ground that she lacks standing (CPLR 3211 [a] [3]). The alleged loss of the entire value of Levy's NEC shares is not an injury to Levy that is separate from any injury to NEC

(*Tooley v Donaldson, Lufkin & Jenrette, Inc.*, 845 A2d 1031, 1033 [Del 2004]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Renwick, Andrias, De-Grasse and Kapnick, JJ.