■ BETA HOLDINGS, INC., et al., Appellants, v ROBERT J. GOLDSMITH et al., Respondents, et al., Counterclaim Defendants. [11 NYS3d 151]—Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered on or about December 22, 2014, which, insofar as appealed from, granted defendants' cross motion for summary judgment dismissing plaintiffs' claims alleg-

ing, inter alia, breaches of the stock purchase agreement, fraud and unjust enrichment, and denied in part plaintiffs' motion for partial summary judgment as to liability, unanimously affirmed, without costs.

The bulk of plaintiffs' claims are barred by the fact that the representations breached were qualified by a materiality standard. As such, plaintiffs' representation to their auditors and among their officers that none of the alleged breaches had a material affect on the business supports the court's conclusion that there is no triable issue of fact as to a breach of the warranties. With regard to the warranty as to licenses, the complained of license was notably absent from the schedule of licenses the company claimed to have.

We decline to consider plaintiffs' arguments, raised for the first time on appeal, that the materiality requirements were eliminated by section 10.2 (g) of the stock purchase agreement. This argument, which requires parol evidence to resolve, is not one purely of law, and cannot be resolved on the record before us (*cf. Rojas-Wassil v Villalona*, 114 AD3d 517 [1st Dept 2014]).

While the foregoing requires affirmance of the motion court, it is noted that the court did err with regard to the damages issue. There is no dispute that plaintiffs' damages could be measured by the difference between the purchase price of the company and the actual value of the company, given the false statements made in connection with the purchase (*see Merrill Lynch & Co. Inc. v Allegheny Energy, Inc.*, 500 F3d 171, 184-185 [2d Cir 2007]). The motion court erred in accepting the opinion of defendants' expert with regard to a consultant's report prepared for plaintiffs valuing the company. The court also erred in rejecting the report of plaintiffs' damages expert. The expert was qualified, and his report set forth generally accepted methodology and relevant facts (*see generally Generale Bank v Bell Sec., Inc.*, 21 AD3d 844, 845 [1st Dept 2005]). While one expert may have been more persuasive, that is not a basis for the grant of summary judgment.

Furthermore, for the same reason that the court correctly concluded that there was no issue of fact as to any breach of representation in the stock purchase agreement, it was correct to dismiss the fraud claim for lack of any actionable misrepresentation.

We have considered plaintiffs' remaining arguments, including that the unjust enrichment claim should be reinstated, and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Andrias, Saxe and Richter, JJ.