Deason v Fujifilm Holdings Corp. (2018 NY Slip Op 06862)





Deason v Fujifilm Holdings Corp.


2018 NY Slip Op 06862


Decided on October 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2018

Renwick, J.P., Tom, Gesmer, Singh, JJ.


650675/18 -650766/18 -7344 7343 7342 7341

[*1]Darwin Deason, Plaintiff-Respondent,
v
Fujifilm Holdings Corp., Defendant-Appellant, Xerox Corp., et al., Defendants.
In re Xerox Corporation Consolidated Shareholder Litigation
Asbestos Workers Philadelphia Pension Fund, etc., et al., Plaintiffs-Respondents,
v
Fujifilm Holdings Corp., Defendant-Appellant, Xerox Corp., et al., Defendants.


Sidley Austin LLP, New York (Eamon P. Joyce of counsel), for appellant.
King & Spalding LLP, New York (Richard T. Marooney of counel), for Darwin Deason, respondent.
Grant & Eisenhofer P.A., New York (Jay W. Eisenhofer and James J. Sabella of counsel), for class respondents.



Orders, Supreme Court, New York County (Barry Ostrager, J.), entered on or about April 30, 2018, and on or about May 1, 2018, which, to the extent appealed from as limited by the briefs, denied the motions of defendant Fujifilm Holdings Corp. (Fuji) to dismiss the respective complaints as against it, and granted plaintiffs' motions for preliminary injunctions, unanimously reversed, on the law and the facts, with costs, the complaints dismissed as against Fuji, and the injunctions dissolved. The Clerk is directed to enter judgments accordingly in favor of Fuji. Appeals from orders, same court and Justice, entered on or about June 22, 2018 and on or about June 21, 2018, which denied Fuji's motions seeking to dissolve the injunctions, unanimously dismissed, without costs, as academic.
Plaintiffs failed to show bad faith or a disabling interest on the part of the majority of the directors of Xerox such that plaintiffs' actions stood a likelihood of success on the merits (see Security Police & Fire Professionals of Am. Retirement Fund v Mack, 93 AD3d 562, 564 [1st Dept 2012]). While there was an agreement that five members of the then current board of [*2]directors would serve on the board of the new company created after the proposed transaction with Fuji, the possibility that any one of the directors would be named to that board alone was not a material benefit such that it was a disabling interest
(see Giuliano v Gawrylewski, 122 AD3d 477, 478 [1st Dept 2014]; Orman v Cullman, 794 A2d 5, 24—25 [Del Ch Ct 2002]).
To the extent former CEO of Xerox, Jacobson, was conflicted, inasmuch as the transaction provided that he would serve as the future CEO of the new company, the conflict was acknowledged; he neither misled nor misinformed the board (see Mills Acquisition Co. v Macmillan, Inc., 559 A2d 1261, 1264 [Del 1989], compare Deblinger v Sani-Pine Prods. Co., Inc., 107 AD3d 659 [2d Dept 2013]). The board, which engaged outside advisors and discussed the proposed transaction on numerous occasions prior to voting on agreeing to present it to the shareholders, did not engage in a mere post hoc review, nor was the transaction unreasonable on its face (see In re MeadWestvaco Stockholders Litig., 168 A3d 675, 683 [Del Ch 2017], compare Sinclair Oil Corp. v Levien, 280 A2d 717 [Del 1971]).
In light of the foregoing, the business judgment rule does apply (Auerbach v Bennett, 47 NY2d 619 [1979]). And upon application of the business judgment rule, plaintiffs did not make a showing of the likelihood of success on the merits in the actions, which allege breaches of fiduciary duty and fraud.
The court should have also dismissed the claims alleging aiding and abetting a breach of fiduciary duty as against Fuji. Plaintiffs failed to plead these causes of action with the requisite particularity, their claims being unsupported by specific factual allegations (see CPLR 3016 [b]; Schroeder v Pinterest Inc., 133 AD3d 12, 25 [1st Dept 2015]; compare Front, Inc. v Khalil, 103 AD3d 481, 483 [1st Dept 2013], affd 24 NY3d 713 [2015]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 16, 2018
CLERK