Madison Sullivan Partners LLC v PMG Sullivan St., LLC (2019 NY Slip Op 04460)





Madison Sullivan Partners LLC v PMG Sullivan St., LLC


2019 NY Slip Op 04460


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Sweeny, J.P., Gische, Webber, Oing, Moulton, JJ.


9540 650930/17

[*1]Madison Sullivan Partners LLC, on behalf of itself and derivatively on behalf of PMG-Madison Sullivan Development LLC, etc., Plaintiff-Appellant,
v
PMG Sullivan Street, LLC, et al., Defendants-Respondents, PMG-Madison Sullivan Development LLC, et al., Nominal Defendants-Respondents.


Tarter Krinsky & Drogin, LLP, New York (Richard C. Schoenstein of counsel), for appellant.
Katsky Korins LLP, New York (Adrienne B. Koch of counsel), and Franklin R. Kaiman, New York, for respondents.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered January 11, 2018, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a) and to award defendant PMG Sullivan Street LLC (PMG Sullivan) attorneys' fees, unanimously affirmed, without costs.
Plaintiff alleges essentially that it was damaged in connection with the development of a property jointly undertaken with defendant PMG Sullivan because PMG Sullivan and its affiliates permitted delays and cost overruns, and that defendants' actions constituted bad faith, intentional wrongdoing, and gross negligence. It alleges further that a pre-suit demand on the nominal defendants would have been futile. However, under Delaware law, which governs the instant demand futility analysis (see Asbestos Workers Phila. Pension Fund v Bell, 137 AD3d 680, 681 [1st Dept 2016]), the allegations in the complaint are insufficient to show demand futility because they lack the requisite particularized facts establishing that defendants faced a "substantial likelihood" of personal liability (Rales v Blasband, 634 A2d 927, 934-936 [Del 1993] [internal quotation marks omitted]; see Asbestos Workers, 137 AD3d at 683-684).
Moreover, on the merits, the failure to allege particularized facts is fatal to the cause of action for breach of fiduciary duty (see Giuliano v Gawrylewski, 122 AD3d 477 [1st Dept 2014]) and to the causes of action for aiding and abetting breach of fiduciary duty (see Deason v Fujifilm Holdings Corp., 165 AD3d 501, 502 [1st Dept 2018]). Plaintiff makes no separate argument in its main brief on appeal that its claim for an accounting survives the dismissal of its other claims. It is, therefore, deemed abandoned (Mehmet v Add2Net, Inc., 66 AD3d 437, 438 [1st Dept 2009]). The cause of action alleging breach of the construction management agreement is barred by the waiver of consequential damages in that agreement.
The motion court correctly granted defendants' application for attorneys' fees. The relevant contractual provision plainly contemplates that in an action to enforce the operating agreement or amendment thereto, even where no damages are sought, the prevailing party — whether plaintiff or defendant — is entitled to its cost of collection. In any event, insofar as the [*2]interpretation plaintiff now urges was not advanced before the motion court and on this record does not present a pure question of law, we do not reach the issue (see Beta Holdings, Inc. v Goldsmith, 129 AD3d 521 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK